**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Oskowis,<br><br>    Plaintiff,<br><br>v.<br><br>Sedona Oak-Creek Unified School District #9,<br><br>    Defendant. | No. CV-17-08070-PCT-DWL<br><br>**ORDER** |

      Pending before the Court are Defendant Sedona Oak-Creek Unified School District #9's ("the District") motion for attorneys' fees (Doc. 83), Plaintiff Matthew Oskowis's motion to strike the District's motion for attorneys' fees (Doc. 88), and the District's motion to withdraw Counterclaim IV (Doc. 94). For the reasons that follow, the Court will defer ruling on the District's motion for attorneys' fees until judgment is entered, deny Oskowis's motion to strike, and deny the District's motion to withdraw Counterclaim IV.

**BACKGROUND**

      Oskowis is the father of E.O., a boy diagnosed with infantile autism. Between June 2016 and March 2017, Oskowis filed three due process complaints against the District, each claiming that E.O. was denied a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Each due process complaint was dismissed as frivolous by an administrative law judge during the administrative proceedings below.

      On April 13, 2017, Oskowis filed this lawsuit, which challenges the dismissal of his

due process complaints. (Doc. 1.) He amended the complaint on June 7, 2017. (Doc. 17.)

On June 21, 2017, the District filed an answer and counterclaims. (Doc. 19.) The District then amended its answer and counterclaims on October 26, 2017. (Doc. 30.) The counterclaims consist of five counts, all seeking attorneys' fees. Counts I through III seek attorneys' fees arising from the three administrative proceedings at issue in this lawsuit. Count IV seeks attorneys' fees for an unrelated administrative proceeding. Count V seeks "fees-on-fees" for time reasonably incurred pursuing an application for attorneys' fees. (*Id.*)

On June 22, 2018, the District filed a motion for summary judgment on Oskowis's affirmative claims. (Doc. 68.)

On February 19, 2019, the Court granted the District's motion for summary judgment (Doc. 77) and entered judgment on behalf of the District (Doc. 78).

On February 21, 2019, the District filed a motion asking the Court to amend its judgment "to reflect that [the District's] counterclaims against [Oskowis] remain pending." (Doc. 79.)

On February 22, 2019, the Court granted the District's motion to amend and vacated the judgment. (Doc. 80.) Thus, the District's counterclaims remain pending. (*Id.*)

On March 5, 2019, the District filed a motion for attorneys' fees. (Doc. 83.)

On March 6, 2019, Oskowis filed a motion to strike the District's motion for attorneys' fees. (Doc. 88.)

On March 20, 2019, the District filed a motion under Rule 41 to withdraw Counterclaim IV. (Doc. 94.)

**DISCUSSION**

A bit of context about the relationship between the three pending motions is helpful. The District filed a motion for attorneys' fees as the "prevailing party" under 20 U.S.C. § 1415(i)(3)(B)(i)(III) after the Court granted its motion for summary judgment on all of Oskowis's affirmative claims. (Docs. 83, 85.) In response, Oskowis filed a motion to strike, arguing the District's motion for attorneys' fees is premature because judgment

hasn't been entered yet. (Doc. 88 at 1.) In turn, the District filed a motion to withdraw Counterclaim IV, arguing that, if that counterclaim were dismissed, the Court's earlier order granting summary judgment would become a final judgment, thus mooting Oskowis's motion to strike. (Doc. 93 at 3-4; Doc. 94.) The Court therefore will begin by addressing the District's motion to withdraw Counterclaim IV.

I. Motion To Withdraw Counterclaim IV

As an initial matter, the Court disagrees with the District's assertion that "in the absence of Counterclaim IV, the Court's [summary judgment] decision is a final judgment." (Doc. 93 at 3.) The District argues that, although there are four other counterclaims still pending, those counterclaims don't affect the finality analysis because they simply "seek attorney's fees for defending the underlying due process complaints which [Oskowis] appealed." (Doc. 93 at 3.) This is incorrect. Dismissal of Counterclaim IV wouldn't automatically transform the Court's earlier summary judgment order into a final judgment. Rule 54(b) of the Federal Rules of Civil Procedure provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." Thus, when fewer than all claims are adjudicated against all parties, entry of judgment is typically inappropriate. The exception is when the Court "expressly determines that there is no just reason for delay" and "direct[s] entry of a final judgment as to one or more, but fewer than all, claims or parties," but the District has never requested the entry of judgment under this provision of Rule 54(b).

The Court will note that it may have been unnecessary for the District to assert any counterclaims in this case. As discussed *infra*, some courts have construed 20 U.S.C. § 1415(i)(3)(B)(i) as authorizing the prevailing party in an IDEA case to seek attorneys' fees without the need for a formal counterclaim. Nevertheless, the District made a strategic choice to assert five counterclaims here and four of them (Nos. I-III and V) will remain pending—and, thus, preclude the automatic entry of judgment—regardless of how the District's motion to withdraw Counterclaim IV is resolved.

Turning to the merits of the District's motion, the District requests dismissal of Counterclaim IV under Federal Rule of Civil Procedure 41. Oskowis objects to this request because, among other reasons, "Rule 41(a)(2) provides for dismissal of an 'action' not a 'claim.'" (Doc. 96 at 4.)

The Court agrees with Oskowis. Rule 41 is titled "Dismissal of Actions," not "Dismissal Of Individual Claims." In *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683 (9th Cir. 2005), the Ninth Circuit held that "[n]othing in the case law suggests that Rule 41(a) extends to the voluntary withdrawal of individual claims against a defendant." *Id.* at 687. The court continued: "Rule [41(a)] does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15], which addresses amendments to pleadings." *Id.* The court also cited, with approval, its earlier decision in *Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500 (9th Cir. 1995), which noted that "we have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims." *Id.* at 1513.

Accordingly, to the extent the District is seeking permission under Rule 41(a) to dismiss Counterclaim IV, that request must be denied. Although this outcome has some overtones of elevating form over substance—it is difficult to conceive of a legitimate objection Oskowis could raise to a future request by the District, under Rule 15, to amend its answer to eliminate Counterclaim IV—it seems to be the outcome required by the applicable law. *See generally* S. Gensler, 1 *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 41, at 1114-15 (2018) ("Rule 41(a) governs the dismissal of entire actions, not of individual claims. Thus, if a plaintiff has multiple claims against a defendant and wishes to dismiss one or more—but not all—of those claims, the appropriate procedural mechanism is to file an amended complaint under Rule 15(a). Notwithstanding this distinction, many courts are imprecise in their application of these two rules or expressly indicate that it is a distinction without a difference.").

II. Motion to Strike

Oskowis moves to strike the District's motion for attorneys' fees because it is premature. (Doc. 88.) Oskowis argues that, under Federal Rule of Civil Procedure 54(d)(2)(B) and Local Rule 54.2, a party can't file a motion for attorneys' fees unless and until a judgment has been entered.

"Whether fees can be sought before entry of a final judgment is actually an unresolved question." *Richmond v. Chater*, 94 F.3d 263, 266 (7th Cir. 1996). The Ninth Circuit and its district courts have reached opposite conclusions on this issue. *Compare Olson v. Han Kamakani Phua*, 584 F. App'x 435, 436 (9th Cir. 2014) ("Contrary to appellants' contention, the Trust's motion for attorney's fees and costs was timely filed because it was filed before entry of judgment."), *with Petrella v. Metro-Goldwyn-Mayer, Inc.*, 2010 WL 11578743, *1 n.2 (C.D. Cal. 2010) (finding motion for attorneys' fees was premature because judgment had not yet been entered).

The District devotes much of its response to arguing that the time limitation in Rule 54(d)(2)(B)(i)—that a motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment"—doesn't require a judgment to be entered before a party can move for attorneys' fees. (Doc. 93 at 2.) In support of this, the District cites *Koch v. U.S., Dep't of Interior*, 47 F.3d 1015 (10th Cir. 1995), in which the Tenth Circuit held that a pre-judgment motion for attorneys' fees wasn't premature where the relevant statute (the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B)) required the motion to be filed "within thirty days of final judgment in the action." *Id.* at 1021. The Tenth Circuit's interpretation of that language is persuasive. However, Rule 54(d)(2) includes a clause not contained in the Equal Access to Justice Act that leads to a different conclusion—it requires a movant to "*specify the judgment* and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii) (emphasis added). A movant can't specify a judgment that doesn't exist yet. Thus, in the Court's view, the best interpretation of Rule 54(d)(2) is that a motion for attorneys' fees is premature if a judgment hasn't been entered.

Based on this conclusion, the Court could strike the District's motion for attorneys'

fees, require the District to wait until the Court has entered judgment, and then allow the District to refile its motion. But this approach seems like an empty formality. Because Oskowis moves to strike under Local Rule 7(m), and "local rules are meant to streamline the administration of justice, not complicate it,"[1] the Court will deny Oskowis's motion to strike and will not strike the District's motion. Instead, the Court will simply defer ruling on the District's motion for attorneys' fees until judgment is entered.

This is, admittedly, an odd procedural posture—the Court can't grant the District's Rule 54(d)(2) motion because there is no final judgment, yet the entry of final judgment is prevented by the District's pending counterclaims seeking the same relief as the District's motion. But as noted above, this oddity arises from the District's decision to assert formal counterclaims intended to preserve its ability to seek attorneys' fees. Although this appears to be a common approach in IDEA cases, *see Bristol Warren Reg'l Sch. Comm. v. Rhode Island Dep't of Educ. and Secondary Educs.*, 253 F. Supp. 2d 236, 240 (D.R.I. 2003) ("[T]he Parents filed a counterclaim, seeking reimbursement of attorneys' fees they have incurred during the [IDEA appeal] process."), it was arguably unnecessary. *See, e.g., Oconee County Sch. Dist. v. A.B. ex rel. L.B.*, 2015 WL 196437, *2 & n.2 (M.D. Ga. 2015) (dismissing "claim" for attorneys' fees in IDEA case and noting that "[t]he Court will handle attorney's fees and costs at the appropriate time on a motion under Federal Rule of Civil Procedure 54(d) and 20 U.S.C. § 1415(i)(3)(B)"); *Fulton County Sch. Dist. v. S.C. by and through E.C.*, 2008 WL 11417083, *4-5 (N.D. Ga. 2008) ("Litigating claims for attorneys' fees under the IDEA according to the procedures set forth in Rule 54(d)(2) makes good sense insofar as the rule provides a useful roadmap with which litigants in federal court are familiar. . . . [Accordingly], the Court dismisses without prejudice S.C.'s claim for attorneys fees. As the prevailing party, should S.C. later seek to recoup reasonable attorneys' fees incurred by his parents under 20 U.S.C. § 1415(i)(3)(B), he may file a motion under Rule 54(d)(2).").

The Court suggests a simple solution. The District may wish to move under Rule

---

[1] *JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1035 (N.D. Cal. 2012).

41 to dismiss *all* of its counterclaims against Oskowis (such a request would be permissible under *Hells Canyon* because it wouldn't involve a piecemeal request to dismiss some but not all of the counterclaims). If granted, no claims would remain pending and the Court would be able to enter final judgment. Then, the Court could rule on the District's motion for attorneys' fees because it would be ripe for adjudication.[2]

Accordingly, **IT IS ORDERED** that:

(1) The District's motion to withdraw counterclaim IV (Doc. 94) is **denied;**

(2) Oskowis's motion to strike (Doc. 88) is **denied**; and

(3) The Court will defer ruling on the District's motion for attorneys' fees (Doc. 83) until judgment is entered.

Dated this 29th day of April, 2019.

Dominic W. Lanza
United States District Judge

---

[2] In the alternative, the District could withdraw its motion for attorneys' fees and file a motion for summary judgment on its counterclaims. However, because the District has already submitted a motion for attorneys' fees, this method would cause needless expense. Additionally, because "Rule 54(d)(2) . . . provides a useful roadmap with which litigants in federal court are familiar," it "makes good sense" to litigate claims for attorneys' fees under IDEA according to Rule 54(d)(2)'s procedures. *Fulton County School District,* 2008 WL 11417083 at *5.