**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Oskowis, | No. CV-17-08070-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Sedona Oak-Creek Unified School District #9, | |
| Defendant. | |

Pending before the Court is an amended motion for attorneys' fees filed by Defendant Sedona Oak-Creek Unified School District #9 ("the District") (Doc. 124) and a motion to review taxation of costs filed by Plaintiff Matthew Oskowis (Doc. 129). For the following reasons, both motions will be granted in part and denied in part.

## BACKGROUND

Oskowis is the father of E.O., a minor diagnosed with infantile autism. Because E.O. suffers from an intellectual disability, he is entitled to a free appropriate public education ("FAPE") as guaranteed by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* This case arises from three administrative proceedings that were initiated when Oskowis filed due process complaints with the Arizona Department of Education, each arguing that E.O. had been denied a FAPE.

Oskowis filed those due process complaints between June 2016 and March 2017, initiating administrative proceedings 16C-DP-066-ADE, 17C-DP-013-ADE, and 17C-DP-053-ADE. In each of those proceedings, the respective administrative law judge ("ALJ")

dismissed Oskowis's complaint without a hearing, determining that the complaint was frivolous.

On April 13, 2017, Oskowis filed this lawsuit. (Doc. 1.) The operative complaint asserted three causes of action, each corresponding to one of the administrative proceedings. (Doc. 17.) Oskowis claimed that the ALJs erred in dismissing his due process complaints. (*Id.*)

On June 22, 2018, the District moved for summary judgment on all three causes of action. (Doc. 68.)

On February 19, 2019, the Court granted summary judgment in favor of the District. (Doc. 77.)

On August 22, 2019, the District filed an amended motion for attorneys' fees. (Doc. 124.)

On August 28, 2019, Oskowis filed a motion to review taxation of costs. (Doc. 129).

## DISCUSSION

I.    <u>The District's Motion For Attorneys' Fees</u>

The District seeks attorneys' fees incurred while defending the action in this Court and while pursuing the pending request for attorneys' fees. It does not, in contrast, seek any fees arising from its defense of the three administrative proceedings. Nevertheless, because the administrative proceedings are relevant to understanding Oskowis's causes of action in this case, the Court reviews them below.

A.    **Oskowis's Causes Of Action**

1.    <u>Cause Of Action I: 17C-DP-013-ADE</u>

Cause of Action I arose from administrative proceeding 17C-DP-013-ADE, which Oskowis initiated on September 1, 2016 by filing a due process complaint. (Doc. 17 ¶ 36.) Oskowis argued the District denied E.O. a FAPE by (1) failing "to monitor [E.O.'s] progress against the annual goals & objectives of [his] IEP [individualized education program] [and] their corresponding STOs [short term objectives]" and (2) failing "to

engage the IEP Team to revise the IEP to address the lack of expected progress of [E.O.] toward those STOs." (*Id.* ¶ 38.)

The ALJ dismissed Oskowis's due process complaint on March 10, 2017. (Doc. 75-1 at 2-6.) The ALJ's order concluded: "Petitioners' Complaint fails as a matter of law and should be dismissed as the claims therein are not supported by the IDEA or its regulations. Given the [rejection of the same argument in past proceedings] and the lack of any support in the IDEA or its regulations on this claimed issued, the Petitioners' instant Complaint is deemed to be frivolous." (Doc. 75-1 at 6.)[1]

This Court subsequently granted summary judgment in favor of the District on Cause of Action I, determining that the ALJ had properly rejected each of Oskowis's claims in that proceeding. (Doc. 77.) The Court rejected Oskowis's first claim—that the District had failed to monitor E.O.'s progress in relation to the objectives set out in his IEP—because, under the IDEA, how progress toward short-term objectives or benchmarks is to be monitored or provided "is left up to the IEP drafters." (*Id.* at 9-10.) E.O.'s IEP "only required the District to provide three progress reports during the school year," which Oskowis acknowledged he received. (*Id.*) The Court also rejected Oskowis's second claim, that the District should have amended E.O.'s IEP because E.O. wasn't meeting his STOs, because "[t]here is no requirement that a school revise an IEP midway through the school year when a student isn't making progress toward STOs." (*Id.* at 10-11.)

2. Cause Of Action II: 16C-DP-066-ADE

Cause of Action II arose from administrative proceeding 16C-DP-066-ADE, which Oskowis initiated on June 16, 2016 by filing a due process complaint. (Doc. 17 ¶ 57.) Oskowis argued the District denied E.O. a FAPE over three calendar years because: (1) the District didn't provide a qualified paraprofessional to E.O.; (2) the paraprofessional provided by the District wasn't adequately supervised by the special education teacher; and

---

[1] Although the order stated the "Complaint is dismissed as a matter of law for failure to state a claim" (Doc. 75-1 at 6), it also included a footnote suggesting the ALJ was making a "summary judgment determination" rather than "a possible sufficiency determination." (Doc. 75-1 at 2 n.1.)

(3) the IDEA precluded E.O.'s paraprofessional from providing services within E.O.'s self-contained special education classroom.  (*Id.* ¶ 59; Doc. 69-1 at 42-56.)

The District filed a response on June 24, 2016.  Included as attachments to the response were "affidavits from two of [E.O.'s] prior special education teachers attesting that they provided direct supervision of the paraprofessional" as well as evidence demonstrating the paraprofessional's qualifications.  (Doc. 75-1 at 11; *see also* Doc. 69 ¶¶ 12-15, 17-20.)

During a "prehearing conference," the ALJ asked Oskowis to address the evidence that had been submitted by the District.  Oskowis "acknowledged . . . that [he] had no information or belief to support [his] allegation that the paraprofessional did not meet the requirements . . . to be considered a qualified paraprofessional" and similarly "offered no basis for [his] allegation that the special education teacher did not properly supervise the paraprofessional."  (Doc. 75-1 at 10-11; *see also* Doc. 69 ¶ 16.)

Accordingly, on March 13, 2017, the ALJ issued an order dismissing Oskowis's complaint for failure to state a claim.  (Doc. 75-1 at 9-12.)  The order concluded: "Given the baseless assertions presented in the Complaint, Petitioners' Complaint is deemed frivolous.  IT IS ORDERED granting Respondent School District's Motion to Dismiss the Complaint."  (*Id.* at 12, emphasis omitted.)

This Court granted summary judgment to the District on Cause of Action II, holding that the ALJ had properly dismissed each of Oskowis's claims in that proceeding.  (Doc. 77 at 11-13.)  First, the Court held that E.O.'s paraprofessional—Ms. Parry—was qualified because she "holds a high school diploma (Doc. 69-2 at 10) and she obtained a passing score on Education Testing Services' ParaPro Assessment (*id.* at 12-15)," which means she satisfied the requirements to be deemed "highly qualified" under the NCLB, which was in effect during the three years at issue.  (Doc. 77 at 12.)  The Court also noted that, at the prehearing conference held by the ALJ in the administrative proceeding, Oskowis admitted "he didn't have any evidence to show the paraprofessional was unqualified."  (*Id.*, citing Doc. 75-1 at 10-11.)

Second, for similar reasons, the Court upheld the ALJ's determination that Oskowis hadn't demonstrated that the special education teacher failed to supervise Ms. Parry. (*Id.* at 13.) The Court explained that the District had presented evidence during the administrative proceedings that satisfied each of the supervision requirements in the NCLB.[2] Moreover, Oskowis "conceded, during the prehearing conference, that he didn't have any contrary evidence," and had, during an earlier due process hearing, "testified he had never observed E.O. in the classroom and didn't have any first-hand knowledge of what occurred in the classroom." (Doc. 77 at 13 & n.9, citing Doc. 75-1 at 11 n.2.)

Third, the Court determined the ALJ correctly rejected Oskowis's claim "that the IDEA prohibits supplementary aids from rendering services outside a regular education classroom." (Doc. 77 at 13.) This is because "[u]nder 34 C.F.R. § 300.42, 'supplementary aids and services' mean 'aids, services, and other supports that are provided in regular education classes, *other education-related settings*, and in extracurricular and nonacademic settings, to enable children with disabilities to be educated with nondisabled children *to the maximum extent appropriate . . . .' Id.* (emphases added). Therefore, "the ALJ properly concluded that 'supplementary aids and services may be provided in a variety of academic and nonacademic settings' (Doc. 75-1 at 11) and that Oskowis's arguments on this issue didn't state a claim as a matter of law." (Doc. 77 at 13.)

### 3. Cause Of Action III: 17C-DP-053-ADE

The third cause of action arose from proceeding 17C-DP-053-ADE, which Oskowis initiated by filing a due process complaint on March 2, 2017. (Doc. 17 ¶ 78.) Oskowis alleged the District denied E.O. a FAPE because, between August 5, 2015 and December 16, 2015, the District didn't begin delivering services to E.O. until 9:00 a.m., which "would not allow enough time for the services of the IEP to be adequately delivered." (Doc. 69-3 at 8.)

---

[2] Under the NCLB, a paraprofessional works under the direct supervision of a special education teacher if (1) "[t]he teacher plans the instructional activities that the paraprofessional carries out"; (2) "[t]he teacher evaluates the achievement of the students with whom the paraprofessional is working"; and (3) "[t]he paraprofessional works in close and frequent physical proximity to the teacher." 34 C.F.R. § 200.59(c)(2).

The ALJ issued an order on March 10, 2017 dismissing Oskowis's due process complaint and an order on March 28, 2017 denying reconsideration. (Doc. 75-1 at 14-17.) The March 28 order concluded: "Petitioners' instant due process complaint fails as a matter of law and should be dismissed. Based on the fact that Petitioners' previous two complaints on the exact same issue were dismissed, Petitioners knew or should have known that the Complaint does not raise a valid claim under the IDEA. For this reason, Petitioners' instant due process complaint is deemed to be frivolous." (Doc. 75-1 at 16.)

This Court granted summary judgment on Cause of Action III in favor of the District. (Doc. 77 at 14-15.) The Court reasoned that, even if "the District didn't begin delivering services to E.O. until 9:00 a.m." each day, there would still be 1,725 minutes in the school week in which to administer E.O.'s IEP, and the IEP only provided for 1,170 minutes of special instruction. (*Id.*) Thus, Oskowis failed to state a claim as a matter of law.

B. **Analysis**

The District moves for attorneys' fees, arguing that Oskowis's lawsuit was both frivolous and brought for an improper purpose. (Doc. 124.) The District seeks fees for both its defense of Oskowis's claims and the time spent preparing its fee request. *Banda v. Antelope Valley Union High Sch. Dist.*, 637 F. App'x 335, 336 (9th Cir. 2016) (district court may award "fees on fees"). 20 U.S.C. § 1415(i)(3)(B)(i)(III) permits the Court to award "reasonable attorneys' fees as part of the costs" to a prevailing educational agency against a parent who brought an action "for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." Thus, for the Court to award fees to the District, it must determine (1) the District was the prevailing party and (2) Oskowis brought the action for an improper purpose. If the Court finds in the affirmative on both those issues, it must assess the reasonableness of the fees sought.

1. Prevailing Party

The District argues it was the prevailing party and Oskowis doesn't dispute this assertion. The Court agrees. On February 19, 2019, the Court granted summary judgment

to the District on all of Oskowis's affirmative claims.  (Doc. 77).  A party that has obtained a judgment on the merits, like the District has here, is a prevailing party under the IDEA. *P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1172-73 (9th Cir. 2007) (holding that "some judicial sanction," which includes a judgment on the merits, is necessary to be a "prevailing party" under the IDEA); *G.M. v. Saddleback Valley Sch. Dist.*, 2012 WL 5947213, *1 n.3 (C.D. Cal. 2012) (district that was successful in defending against IDEA action brought by parent was prevailing party).

### 2. Improper Purpose

The Court must first determine whether Oskowis's action was frivolous before it considers whether the action was brought for an improper purpose.  *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011) ("As a matter of law, a non-frivolous claim is never filed for an improper purpose.").[3]

When determining whether an action was frivolous, the district court should "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."  *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015) (citation omitted).  Accordingly, "[a] case may be deemed frivolous only when the result is obvious or the . . . arguments of error are wholly without merit."  *Id.* (citation omitted). A case is less likely to be considered frivolous "when there is very little case law on point and a claim raises a novel question."  *Id.*

All three of Oskowis's causes of action were frivolous.  First, Cause of Action I (17C-DP-013-ADE) was wholly without merit.  Oskowis's first claim, that the District wasn't monitoring E.O.'s progress, was flatly contradicted by Oskowis's acknowledgment that he had received three progress reports during the 2015-2016 school year.  (Doc. 75-1 at 5.)  His second claim relied on an objectively baseless interpretation of the regulations

---

[3]     The standard to determine whether a claim is frivolous under the IDEA is the same as that employed in civil rights cases and, thus, the Court employs the standard developed in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22, (1978).  *R.P.*, 631 F.3d at 1124-25.

implementing the IDEA that had previously been rejected. The Supreme Court has explained that an educational agency is required to review, and if appropriate, revise a child's IEP, but not more frequently than each year. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley*, 458 U.S. 176, 182 (1982) ("Local or regional educational agencies must review, and where appropriate revise, each child's IEP *at least annually*.) (citation omitted) (emphasis added). Oskowis had argued that the District was required to amend E.O.'s IEP "as appropriate," which he asserted was more than once a year. (Doc. 70 at 6-7.) This wasn't the first time Oskowis had unsuccessfully made this argument—in the administrative proceeding giving rise to this cause of action, the ALJ explained that, during an earlier administrative proceeding (Case No. 14C-DP-006-ADE), an ALJ had rejected Oskowis's argument that the District failed to revise his IEP "as appropriate." (Doc. 75-1 at 4.) Thus, Cause of Action I was frivolous.

In his response to the District's motion, Oskowis only identifies one reason why Count I should be deemed non-frivolous—because the underlying ALJ decisions were issued within a day of each other and he suspected this "strong temporal . . . relationship" showed the decisions were issued in retaliation for his filing of complaints against the District with the Arizona Department of Education. (Doc. 128-1 at 10.) This conspiracy theory hardly illustrates that the claims Oskowis was advancing in Count I had a reasonable foundation in fact or law.

All three claims in Cause of Action II (16C-DP-066-ADE) were also frivolous. Oskowis's first two claims, that E.O's paraprofessional was unqualified and lacked adequate supervision, didn't have any evidentiary support. Indeed, at a pre-hearing conference during the administrative proceeding, Oskowis "acknowledged . . . that [he] had no information or belief to support [his] allegation that the paraprofessional did not meet the requirements . . . to be considered a qualified paraprofessional" and similarly "offered no basis for [his] allegation that the special education teacher did not properly supervise the paraprofessional." (Doc. 75-1 at 10-11.) At the same time, the District offered evidence affirmatively showing that E.O.'s paraprofessional was both qualified and

adequately supervised. Nevertheless, Oskowis brought this action appealing the ALJ's decision. Because Oskowis had no basis to believe that E.O's paraprofessional was unqualified or inadequately supervised, those claims were frivolous.

Oskowis's third claim in Cause of Action II was frivolous as well. Oskowis's legal argument that IDEA doesn't allow a paraprofessional to provide services in a self-contained special education classroom is obviously wrong—the plain language of the statute explicitly provides that "supplementary aids and services" are "aids, services, and other supports that are provided in regular education classes [and] *other education-related settings*." 34 C.F.R. § 300.42 (emphasis added).

In his response to the District's motion, Oskowis contends that Count II should be deemed non-frivolous (1) due to the same conspiracy theory he advances with respect to Count I (Doc. 128-1 at 10) and (2) because a litigant's failure to submit affirmative evidence in support of a claim shouldn't be viewed as proof the claim was frivolous (*id.* at 11). These arguments are unavailing. As the District persuasively argues in its reply: "The failure to present additional evidence in an IDEA appeal alone does not indicate an improper purpose. However, in the specific context of Cause of Action #2, it very much does. Plaintiff's claims in Cause of Action #2 in the underlying due process complaint failed because he 'didn't have any evidence to show the paraprofessional was unqualified or improperly supervised.' Yet, he filed this lawsuit, and this Court granted the District's summary judgment for the same reason. Plaintiff could not have objectively believed that this Court would overrule the ALJ's decision in the absence of any evidence supporting his claims." (Doc. 133 at 3, citation omitted.)

Finally, Cause of Action III (17C-DP-053-ADE) was frivolous. Oskowis argued that, because E.O.'s bus arrived late to pick him up, there wasn't enough time in the day to deliver the services required by his IEP. Notably, administrative proceeding 17C-DP-053-ADE was not the first time Oskowis had unsuccessfully argued E.O. was denied a FAPE because his bus was late. (Doc. 75-1 at 16.) Basic math disproves this theory. Even if the bus didn't arrive until 9:00 a.m. each day, there were still 1,725 minutes of potential

instruction time remaining per week. (Doc. 77 at 15.) E.O.'s IEP only provided for 1,170 minutes of special education and related services per week. (*Id.*) Therefore, Oskowis's argument that E.O. was deprived of a FAPE was baseless.

In his response to the District's motion, Oskowis contends that Count III should be deemed non-frivolous because the ALJs failed to clearly indicate, in the administrative orders denying his earlier complaints concerning the late bus, that the orders were final judgments. (Doc. 128-1 at 7-9.) But this argument misses the point—Oskowis has not identified any objective reason why he could have reasonably hoped to prevail on this claim.

Finally, Oskowis also argues that, in general, his claims couldn't have been frivolous because the District filed a Rule 12(c) motion for judgment on the pleadings at the outset of the case (Doc. 38), this motion was stricken due to the District's failure to meet-and-confer with him before filing it (Doc. 61), and the District thereafter declined to refile it. (Doc. 128-1 at 4-7.) According to Oskowis, "the District's failure to refile their 12(c) Motion is in itself a clear indication that [the] District was acknowledging through inaction that the . . . Amended Complaint actually had claim(s) on which relief could be granted." (*Id.* at 6-7.) But there are all sorts of legitimate tactical reasons why the District could have concluded the most efficient way to dispose of Oskowis's frivolous claims, after its Rule 12(c) motion was stricken, was to proceed to summary judgment. Indeed, the order granting Oskowis's motion to strike the Rule 12(c) motion noted that the "volume and substance" of the parties' early motions was "very concerning to the Court in that they are highly indicative of . . . the parties' general inability to engage in good faith discussions prior to seeking judicial intervention." (Doc. 61 at 1 n.1.)

Having determined the action was frivolous, the Court next considers whether Oskowis brought the action for an improper purpose. IDEA's improper-purpose prong "comes from another well-established Federal law: Federal Rule of Civil Procedure 11," *R.P.*, 631 F.3d at 1124, so Rule 11(b) governs the Court's analysis, *C.W.*, 784 F.3d at 1248. 20 U.S.C. § 1415(i)(3)(B)(i)(III) "gives examples of improper purposes, including 'to

harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.'" *C.W.*, 784 F.3d at 1244. "An improper purpose is tested by objective standards and may be found where a motion or paper, other than a complaint, is filed in the context of a persistent pattern of clearly abusive litigation activity." *Id.* at 1248-49 (citations and internal quotation marks omitted).

The Court agrees with the District that Oskowis brought this action for the improper purposes of harassing the District and driving up litigation costs. Over the past nine years, Oskowis has initiated 43 separate legal actions against the District. Although it is true, as Oskowis points out in his response, that a handful of those actions resulted in rulings in Oskowis's favor (Doc. 128-1 at 1-2, 14-15), the overall pattern is one of excessive litigiousness. More important, in this action, Oskowis advanced frivolous, indefensible claims and consistently exhibited harassing litigation tactics. For example, Oskowis filed five motions to strike. (Docs. 21, 32, 39, 88, 110.) "[M]otions to strike often needlessly extend litigation . . . [and] are generally disfavored." *McAllister v. Adecco USA Inc.*, 2017 WL 11151051, *2 (D. Haw. 2017) (citation omitted). Oskowis also opposed the District's request for a 10-day extension to file a reply in support of its motion for summary judgment. (Doc. 73.)

Oskowis's most blatant gamesmanship occurred with respect to the District's motion for attorneys' fees. On April 24, 2019, the Court issued an order holding that the District couldn't move for attorneys' fees until a final judgment was entered. (Doc. 101.) In response, the District moved to dismiss its counterclaims so there could be a final judgment. (Doc. 104.) In response, Oskowis stated he would "consent to the dismissal of the District's counterclaims, if the District's counterclaims [were] dismissed with prejudice." (Doc. 105 at 2.) Oskowis explained that he was "concerned if the District fails to prevail to collect attorney fees under Rule 54 and that the current counterclaims are dismissed without prejudice, that the District can pursue the current counterclaims for attorney fees again either in federal or state court." (*Id.*) The Court considered Oskowis's concerns and dismissed the District's counterclaims with prejudice, but specifically noted

in its dismissal order that the District could still file a motion for attorneys' fees "[w]ithin 14 days of entry of judgment." (Doc. 107.) After the District timely filed such a motion, Oskowis moved to strike, arguing that the Court had "granted [his] request that the District's counterclaims be dismissed with prejudice," which "effectively precludes the District from seeking attorney's fees and costs." (Doc. 110 at 1-2.) In hindsight, Oskowis's offer to consent to dismissal with prejudice appears to have been an attempt to trick the District into agreeing to seek dismissal, so that Oskowis could then argue the with-prejudice dismissal precluded the District from recovering attorneys' fees against him.

In sum, Oskowis's tactics in litigating this case demonstrate he brought this action for the improper purposes of harassing the District and driving up litigation costs.

### 3. Reasonableness Of Attorney Fees

The District seeks attorneys' fees in the amount of $47,627.54 for defending this action and seeking attorneys' fees. (Doc. 133 at 7.) Pursuant to the Court's June 24, 2019 order, the District provided the Court with an electronic Microsoft Excel spreadsheet "containing an itemized statement of legal services with all information required by Local Rule 54.2(e)(1)." (Doc. 107 at 2.) In response, Oskowis indicated in the spreadsheet his objections to each contested entry. The District then provided responses to Oskowis's objections and voluntarily reduced some of the entries. The final version of the spreadsheet is provided as an attachment to this order.

"The burden of establishing entitlement to an attorneys' fees award lies solely with the claimant. . . . Where the documentation is inadequate, the district court is free to reduce an applicant's fee award accordingly." *Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir.), *opinion amended on denial of reh'g*, 255 F.3d 661 (9th Cir. 2000); *see also* LRCiv. 54.2(e)(2) ("If the time descriptions are incomplete, or if such descriptions fail to adequately describe the service rendered, the court may reduce the award accordingly.").

The Court has reviewed each contested billing entry. Rather than address each one individually, which would unnecessarily lengthen this opinion (there are more than 200

contested entries), the Court has organized the entries into categories.

### a. Duplicate Time Entries

Oskowis identifies several time entries that he argues are duplicates.[4]  The District acknowledges that many of those time entries are duplicates, due to "an error in transcription from the billing statement to the Excel spread sheet."  (Doc. 133 at 4.)  The Court will not award fees for the duplicates.

The District has indicated that the remaining contested entries, reference numbers 91-92, 882, 1034, and 1039, are multiple entries for tasks that were done over a continuing period of time, rather than duplicates.  Specifically, reference numbers 882, 1034, and 1039 all relate to drafting the motion for summary judgment and the reply, which the District argues it "researched, drafted, and revised over the course of several days if not weeks." (*Id.* at 5.)  The Court is satisfied those entries aren't duplicates, so it won't remove them as such.

### b. Excessive Or Unnecessary Time Entries

Oskowis objects to 15 entries as "excessive, redundant or otherwise unnecessary." (Doc. 128-1 at 12.)[5]  He argues that certain individuals "never billed for less than 0.2 of an hour, even for those time entries that would reasonably take less than 0.1 of an hour (or 6 minutes) to do so."  (*Id.*)

The District has voluntarily deleted reference number 970.  The District has also voluntarily reduced reference numbers 12, 27, 58, 70, 216, 217, 249, 840, 908, and 1062. The District's reduction of each of these reference numbers (most by .1) is sufficient.  As for two other challenged entries—reference numbers 225 and 609—the District notes these entries had "already been discounted by 50 percent."  The District's reduction of the entries by half is sufficient.

Finally, the District contends that reference numbers 90 (Review Notice of Service

---

[4]      The time entries at issue are reference numbers 26, 91-92, 373, 391, 399, 404-406, 411-413, 421-423, 442, 451, 461, 529, 544, 619, 621, 634, 735, 767, 830, 864, 867, 882, 899, 901, 909, 1034, 1039, 1043-1044, and 1048.

[5]      The time entries at issue are reference numbers 12, 27, 58, 70, 90, 158, 216, 217, 225, 249, 609, 840, 908, 970, and 1062.

of Amended Complaint: .2 hours) and 158 (E-mail M. Oskowis regarding scheduling: .2 hours) aren't excessive, redundant, or otherwise unnecessary. The Court agrees that these fees are reasonable.

### c. **Vague Time Entries**

Oskowis argues that more than 200 of the District's time entries are "[l]acking appropriate detail" pursuant to LRCiv 54.2(e)(2). The Court has reviewed each entry for sufficiency under the local rules.

First, there are 15 entries related to telephone calls or telephone conferences that fail to provide sufficient details. The Local Rules provide that, when seeking attorneys' fees for telephone conferences, the "time entry must identify all participants and the reason for the telephone call." LRCiv 54.2(e)(2)(A). Fourteen of the telephone entries don't include the subject matter of the conversation[6] and one fails to identify the counterparty.[7] The Court will not award fees for these 15 entries.

Next, there are approximately 40 entries related to drafting or reviewing emails or letters that fail to provide sufficient details. Although the local rules don't provide an explanatory example for how emails or letters should be documented in an attorneys' fee motion, the closest parallel is telephone conferences. *See* LRCiv 54.2(e)(2)(A). Thus, the Court will not grant attorneys' fees for email/letter time entries that don't identify to whom the email/letter was sent[8] or the subject matter of the email/letter.[9]

---

[6]     Those entries are reference numbers 8, 26, 28, 32, 168, 459, 599, 603, 606, 619, 623, 626, 673, and 863.

[7]     That entry is reference number 1016.

[8]     The email/letter time entries without a listed recipient are reference numbers 716, 924, and 998.

[9]     The email/letter time entries without the subject matter listed are reference numbers 1, 25, 30, 46, 48, 50, 52-55, 64, 93, 137, 286, 395, 504, 592, 605, 620, 624, 627-628, 752, 798, 805, 809, 826, 868, 875-876, 883-884, 890, 898, 920, 1040, 1061, and 1089. Some of these entries were voluntarily deleted by the District. As to the remaining entries, although the District argues that some of the emails and letters are protected by attorney-client privilege, the District could have indicated the subject matter of the emails/letters without violating that privilege. *Stein v. Tri-City Healthcare Dist.*, 2014 WL 12695385, *2 (S.D. Cal. 2014) ("The attorney-client privilege attaches to the content of the communications between the client and attorney, not the fact or general topic of the confidential communication.").

There are approximately 40 entries related to reviewing various documents. In 30 of those entries, the District indicated that it reviewed various documents filed with the Court or otherwise provided sufficient detail regarding exactly what was reviewed. *See, e.g.,* reference number 166 ("Review Joint Statement and Oskowis' response"); reference number 891 ("Review joint report and good faith settlement talks"); reference number 939 ("Read MO's due process complaint"). The Court will award attorneys' fees for those entries.[10] The Court deems insufficient, however, those entries in which the District didn't make clear what exactly it reviewed.[11]

The largest category of time entries relates to drafting, revising, and editing various documents filed with the Court. This category includes 105 entries. When seeking attorneys' fees for preparing pleadings or other papers, LRCiv 54.2(e)(2)(C) requires that the time entry "identify the pleading, paper or other document prepared and the activities associated with its preparation." Each of the 105 entries indicates the document being prepared and associated task (*i.e.,* drafting, revising, editing, finalizing). The Court will therefore award attorneys' fees for those tasks.[12]

Finally, there are some miscellaneous time entries. For example, there are four entries related to fact development. Three of those entries—reference numbers 117, 239, and 865—specify the document for which the fact investigation was being conducted. The Court will award attorneys' fees for those entries. However, the Court won't award attorneys' fees for reference number 704, which merely states "strategy and fact finding." Next, there are three entries related to research. LRCiv 54.2(e)(2)(B) requires that those

---

[10]    Those entries are reference numbers 22, 166, 311, 327, 330, 369, 371, 591, 602, 607, 608, 611, 618, 622, 625, 635, 686, 810, 819, 827, 851, 853, 854, 891, 900, 906, 917, 939, 973, and 984.

[11]    Those entries are reference numbers 84, 361-362, 523, 598, 703, 717, 731, 907, 928, and 1054. The District has already voluntarily deleted some of those.

[12]    Those entries are reference numbers 20, 42, 59, 67, 76, 79, 80, 82, 96, 102, 116, 139, 141, 143, 147, 153, 160, 113, 164, 174, 176, 177, 182, 186, 198, 209, 232, 235, 240, 241, 242, 243, 248, 257, 258, 259, 263, 372, 376, 402, 414, 443, 488, 490, 494, 498, 524, 530, 531, 536, 539, 550, 541, 581, 584, 604, 672, 693, 733, 734, 751, 768, 796, 797, 807, 849, 888, 889, 922, 948, 951, 954, 961, 962, 963, 969, 971, 972, 974, 975, 976, 979, 986, 987, 988, 993, 995, 996, 1020, 1027, 1036, 1037, 1039, 1042, 1047, 1049, 1059, 1060, 1071, 1078, 1080, 1085, 1088, 1092, and 1094.

entries "identify the specific legal issue researched and, if appropriate, . . . identify the pleading or document the preparation of which occasioned the conduct of the research." None of the research entries "identify the specific legal issue researched."[13] And reference numbers 305, 307, 328, 385, and 866 are either too vague or do not make clear what exactly was done. Accordingly, the Court won't award attorneys' fees for those time entries.

### d. **Other Objections**

Oskowis objects to several entries as "block billing."[14] The Court will not reduce the fees based on this objection. First, to the extent these entries were deficient for other reasons, the Court has already addressed those deficiencies and reduced the fees accordingly. Second, as the District indicated in some of its responses, many of the entries at issue were not actually block-billing. Third, Oskowis has not pointed to a rule or any case law categorically prohibiting block-billing—although the Ninth Circuit has stated that "block billing makes it more difficult to determine how much time was spent on particular activities," *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007), because the entries provided sufficient detail regarding the various tasks that were performed, the fact that the tasks are included in a single entry does not render the entries deficient.

Oskowis also objects to several entries on the basis that "[i]nter-office communications should not be billed."[15] He contends "[c]ommunications within a law firm, regarding the case, whether personal, phone, or email should be part of doing business and thus part of the firm[']s overhead." (Doc. 128-1 at 13.) The Court rejects this objection. Oskowis does not cite any rule or case law in support of this objection and the Court finds this is a proper task for attorneys to bill.

---

[13]     Those entries are reference numbers 255, 1032, and 1072.

[14]     Those entries are reference numbers 57, 63, 85, 101, 116, 136, 139, 163, 166, 193, 200, 213, 234, 383, 432, 437, 478, 491, 493, 496, 524, 552, 553, 556, 586, 591, 598, 635, 672, 686, 751, 876, 891, 906, 931, 951, 953, 965, 968, 976, 987, 989, 990, 991, 994, 1034, 1037, 1039, 1074, and 1091.

[15]     Those entries are reference numbers 218, 360, 370, 382, 496, 610, 799, 877, 930, 942, 943, 945, 951, 978, 983, and 1053.

e. **Total Award**

After adjusting the amount sought consistent with the reductions identified above, the Court awards the District $41,244.38.[16]

II.     Oskowis's Motion To Review Taxation Of Costs

On July 25, 2019, the District filed an amended bill of costs seeking $574.70. (Doc. 119.) These costs include "[f]ees for service of summons and subpoena" ($177.50) and "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" ($397.20). (*Id.* at 1.) The District attached corresponding receipts. (*Id.* at 3-4.)

Oskowis filed objections to the amended bill of costs. (Doc. 120.) His objections fall into two categories: (1) the District's alleged costs were not associated with Oskowis's affirmative claims and were instead only associated with the District's counterclaims, which the District voluntarily dismissed, and (2) under LRCiv. 54.1(e)(3), a party may not seek deposition costs "associated with a video recording," so the District cannot seek subpoena or transcript fees related to the video-recorded deposition. (*Id.* at 3-5.)

On August 21, 2019, the clerk taxed costs in the amount of $574.70 for the District. (Doc. 123.)

Oskowis moves for the Court to (1) "review the action of the Clerk in taxing costs, on the ground that the nature and amount of costs taxed for service of summons and subpoena, and printed or electronically recorded transcripts necessarily obtained for use in the case are incorrect and contrary to law," and (2) "direct[] the Clerk to re-tax and adjust the costs." (Doc. 129.) The District has filed a response. (Doc. 132.)

The motion will be denied. First, that the deposition was used in connection with the District's counterclaims seeking attorneys' fees is not a valid basis to object to the deposition costs. Recoverable costs in an IDEA case are those set forth in 28 U.S.C. § 1920. *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297-98 (2006). That statute permits a court to tax as costs "[f]ees of the clerk and marshal," which the

---

[16]     This number was generated by reducing the total of the adjusted fees, $54,992.50, by 25 percent, which is what the District had agreed to do in its motion and reply. (Doc. 124-2 at 12; Doc. 133 at 7 n.1.)

Local Rules have clarified covers service fees, LRCiv. 54.1(e)(1), as well as "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," 28 U.S.C. § 1920(1)-(2). Neither 20 U.S.C. § 1415(i)(3)(B)(i)(III) nor 28 U.S.C. § 1920 limits costs to those incurred in connection with defending against the opposing party's claims. Here, the costs the District is seeking could be characterized as incurred in connection with litigating the District's counterclaims or in seeking attorneys' fees. Oskowis has not cited, and the Court is not aware of, any authority prohibiting the Court from awarding such costs. Thus, the Court will not deny the District's request for costs on that basis.

The Court also rejects Oskowis's second objection—that the District's deposition costs are not recoverable because they were incurred in connection with a videotaped deposition. LRCiv. 54.1(e)(3), the provision addressing taxable deposition costs, states that "[c]osts associated with a video recording are not taxable." Notably, it does not state that all costs associated with a videotaped deposition are not taxable. The logical interpretation of that provision is that costs incurred in connection with a videotaped deposition, other than those associated with the actual recording of the deposition, remain taxable. The District provided in its response that it contacted the deposition reporting service to determine why the invoice states "Rate Reflects Videotaped Deposition" and learned it was charged 25 cents more per page for transcription because the deposition was videotaped. (Doc. 132 at 3.) Thus, the District has agreed to decrease the costs it is seeking by $17.50, which is equal to the number of pages of the transcript (70) multiplied by 25 cents. This seems reasonable to the Court, and Oskowis chose not to file a reply challenging this concession.

Thus, the clerk of court is directed to amend its taxation order to tax costs for the District in the amount of $557.20.

…

…

…

…

Accordingly, **IT IS ORDERED** that:

(1)     The District's amended motion for attorneys' fees (Doc. 124) is **granted in part and denied in part**;

(2)     Oskowis's motion to review taxation of costs (Doc. 129) is **granted in part and denied in part**;

(3)     Oskowis must pay the District $41,244.38 in attorneys' fees; and

(4)     The clerk of court is directed to amend its taxation order to tax costs for the District in the amount of $557.20.

Dated this 9th day of October, 2019.

_____
Dominic W. Lanza
United States District Judge

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 4/19/2017 | PMH | Review email from G. Staton and respond (2X). | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service is adequate. Moreover, attorney work product. | | |
| 2 | 4/19/2017 | ADI | Review emails from Georgia Staton regarding new Complaint. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 4 | 4/20/2017 | PMH | Review acceptance of service; email District. | 0.40 | $ 80.00 | N | | | | $ 80.00 |
| 5 | 4/20/2017 | PMH | Review venue requirement. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 7 | 4/24/2017 | PMH | Review complaint/file. | 1.00 | $ 200.00 | N | | | | $ 200.00 |
| 8 | 4/24/2017 | PMH | Telephone conference with G. Staton and G. Lewis. | 0.60 | $ 120.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service is adequate. Moreover, attorney work product. | | |
| 9 | 4/24/2017 | ADI | Review service of process and authorization policy. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 12 | 4/25/2017 | ADI | Draft Notice of Appearance. | 0.40 | $ 70.00 | N | Excessive, redundant or otherwise unnecessary. | The District has decreased this entry to .1 | 0.1 | $ 17.50 |
| 13 | 4/25/2017 | ADI | Telephone conference with Kacey Gregson regarding outstanding decisions. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 14 | 4/25/2017 | ADI | Draft letter to Matthew Oskowis regarding assignment of case. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 15 | 4/25/2017 | ADI | Review docket and Magistrate Judge jurisdiction consent form. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 16 | 4/25/2017 | ADI | Review FRCP 19 (Required Joinder). | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 17 | 4/25/2017 | PMH | Telephone conference with M. Remus regarding service of complaint. | 0.20 | $ 40.00 | N | | | | $ 40.00 |
| 18 | 4/25/2017 | PMH | Review FRCP 13 (Counterclaims). | 0.30 | $ 26.25 | Y | | | | $ 26.25 |
| 19 | 4/25/2017 | PMH | Review Trust Documents and sign. | 0.20 | $ 20.00 | N | | | | $ 20.00 |
| 20 | 4/26/2017 | ADI | Draft Answer to Complaint. | 0.80 | $ 140.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service provided is adequate. | | $ 140.00 |
| 21 | 4/27/2017 | ADI | Draft letter to Plaintiff Parent regarding Waiver of Service and Defect of Complaint. | 0.60 | $ 105.00 | N | | | | $ 105.00 |
| 22 | 4/27/2017 | PMH | Review answer. | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service provided is adequate. | | $ 80.00 |
| 23 | 4/27/2017 | PMH | Revise letter to Plaintiff Parent regarding waiver and conferral. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 24 | 4/27/2017 | PMH | Review letter to M. Oskowis regarding notice. | 0.30 | $ 60.00 | N | | | | $ 60.00 |
| 25 | 4/27/2017 | PMH | Review email from M. Remus and letter. | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service provided is adequate. Moreover, attorney client privilege | | |
| 26 | 4/27/2017 | PMH | Telephone conference with M. Wright. | 0.30 | $ 60.00 | N | Duplicate of no charge #33 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 27 | 4/27/2017 | PMH | Review and sign waiver of service. | 0.20 | $ 40.00 | N | Excessive, redundant or otherwise unnecessary. | The District has decreased this entry to .1 | 0.1 | $ 20.00 |
| 28 | 4/27/2017 | PMH | Telephone conference with M. Remus. | 0.20 | $ 40.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service provided is adequate. Moreover, attorney client privilege. | | |
| 29 | 4/27/2017 | ADI | Review Order discouraging 12(b) Motions. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 30 | 4/27/2017 | ADI | Review email from Michael Remus and departure letter. | 0.20 | $ 35.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service provided is adequate. Moreover, attorney client privilege | | |
| 31 | 4/27/2017 | ADI | Facts investigation regarding service, venue, counterclaim and joinder. | 0.40 | $ 35.00 | Y | | | | $ 35.00 |
| 32 | 4/27/2017 | ADI | Telephone Conference with Matthew Wright | 0.30 | $ 26.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service provided is adequate. Moreover, attorney client privilege. | | |
| 37 | 4/28/2017 | ADI | Review complaint and Orders of Dismissal in 17C-DP-044-ADE, 17C-DP-048-ADE, and 17C-DP-053-ADE | 0.80 | $ 140.00 | N | | | | $ 140.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 38 | 4/28/2017 | ADI | Review Complaint and Order of Dismissal in 16C-DP-066-ADE. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 39 | 4/28/2017 | ADI | Review Complaint and Order of Dismissal in 17C-DP-013-ADE. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 40 | 4/28/2017 | PMH | Letter to Oskowis with Waiver of Service. | 0.30 | $ 60.00 | N | | | | $ 60.00 |
| 41 | 4/28/2017 | ADI | Review 34 CFR 300.577 related to award of attorneys' fees against a parent. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 42 | 4/28/2017 | ADI | Draft Counterclaim. | 2.50 | $ 218.75 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service is adequate. Morever, this charge has been cut in half. | | $ 218.75 |
| 43 | 4/28/2017 | PMH | Review draft counterclaim. | 0.40 | $ 40.00 | Y | | | | $ 40.00 |
| 46 | 5/4/2017 | ADI | Draft letter to Superintendent | 0.20 | $ 17.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service provided is adequate. Moreover, attorney client privilege. Furthermore, this entry has already been discounted by 50 percent. | | |
| 47 | 5/5/2017 | ADI | Review Federal #1 Order regarding ALJ delay in issuance of decision. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 48 | 5/5/2017 | PMH | Review email from M. Oskowis and respond. | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service is adequate. Because Plaintiff was a party to the email reviewed, he is aware of its contents. | | |
| 49 | 5/5/2017 | ADI | Review email from Matt Oskowis regarding conferral. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 50 | 5/5/2017 | ADI | Revise and finalize letter to Superintendent | 0.60 | $ 52.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service provided is adequate. Moreover, attorney client privilege. Furthermore, this entry has already been discounted by 50 percent. | | |
| 51 | 5/8/2017 | VF | Revise motions for summary judgment. | 1.20 | $ 210.00 | N | Legal representative not engaged at this time. | date of this entry must have been transcribed incorrectly because the motion for summary judgment was not yet pending. Regardless, the District has deleted this entry. | 0 | $ - |
| 52 | 5/8/2017 | PMH | Review and revise letters. | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The District has deleted this entry. | 0 | $ - |
| 53 | 5/9/2017 | PMH | Review email from G. Staton firm and respond. | 0.20 | $ 40.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | Work product privilege | | |
| 54 | 5/9/2017 | ADI | Review email. | 0.20 | $ 35.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The District has deleted this entry. | 0 | $ - |
| 55 | 5/12/2017 | PMH | Review email and respond to District. | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service is adequate. Moreover, it involves attorney client privilege. | | |
| 56 | 5/12/2017 | ADI | Draft letter to Matthew Oskowis regarding dates/times for conferral. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 57 | 5/16/2017 | PMH | Review Waiver of Service; telephone conference with M. Remus. | 0.30 | $ 60.00 | N | Block billing | The description is specific enough to determine whether a reasonable amount of time was billed. | | $ 60.00 |
| 58 | 5/16/2017 | PMH | Sign Notice of Appearance. | 0.20 | $ 40.00 | N | Excessive, redundant or otherwise unnecessary. | The District has decreased this entry to .1 | 0.1 | $ 20.00 |
| 59 | 5/16/2017 | ADI | Finalize Notice of Appearance for filing. | 0.20 | $ 35.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service is adequate | | $ 35.00 |
| 60 | 5/16/2017 | ADI | Review Notice of Service and filing of Waiver of Summons. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 61 | 5/16/2017 | ADI | Review local rules and draft judge election form. | 0.20 | $ 35.00 | N | | | | $ 35.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 63 | 5/17/2017 | PMH | Review file, court order, OSC against M. Oskowis; prepare for conferral meeting with M. Oskowis; conference with M. Oskowis. | 0.70 | $ 140.00 | N | Block billing | All of the activities in this billing relate to preparing for a conference with Mr. Oskowis. Therefore it is not impermissible block billing. | | $ 140.00 |
| 64 | 5/17/2017 | PMH | Review emails and amendment; email district. | 0.50 | $ 100.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the services is adequate. Counsel finished her review of the amended complaint and then notified her client. | | |
| 65 | 5/17/2017 | PMH | Review M. Oskowis' amended complaint. | 0.40 | $ 80.00 | N | | | | $ 80.00 |
| 66 | 5/17/2017 | ADI | Telephone conference with Matt Oskowis regarding meet and confer over 12(b) dismissal issue. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 67 | 5/17/2017 | ADI | Draft response to Plaintiff regarding first Amended Complaint. | 0.30 | $ 52.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | because Plaintiff reviewed the response the District sent him regarding the first amended complaint, Plaintiff is aware of the details of this work. | | $ 52.50 |
| 68 | 5/17/2017 | ADI | Review proposed first Amended Complaint submitted by Plaintiff. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 70 | 5/18/2017 | PMH | Review Petitioner's request to transfer from Magistrate. | 0.20 | $ 40.00 | N | Excessive, redundant or otherwise unnecessary. | The District has decreased this entry to .1 | 0.1 | $ 20.00 |
| 71 | 5/18/2017 | ADI | Review latest filings from Plaintiff (i.e., judge election form) and court docket entry. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 73 | 5/24/2017 | PMH | Review M. Oskowis' Motion to Amend. | 0.30 | $ 60.00 | N | | | | $ 60.00 |
| 75 | 5/29/2017 | PMH | Review Petitioner's Motion for Leave to Amend. | 0.80 | $ 160.00 | N | | | | $ 160.00 |
| 76 | 5/30/2017 | ADI | Draft Answer to First Amended Complaint. | 3.00 | $ 525.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service provided is adequate. | | $ 525.00 |
| 77 | 5/30/2017 | ADI | Research 12(f) Motions to Strike. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 78 | 5/30/2017 | ADI | Review Complaint. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 79 | 5/31/2017 | ADI | Revise Answer to Complaint. | 1.00 | $ 175.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service provided is adequate. | | $ 175.00 |
| 80 | 5/31/2017 | ADI | Draft Defendant's Affirmative Defenses. | 0.60 | $ 105.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service provided is adequate | | $ 105.00 |
| 81 | 5/31/2017 | ADI | Draft jurisdictional section and background section of Counterclaim. | 0.70 | $ 61.25 | Y | | | | $ 61.25 |
| 82 | 5/31/2017 | ADI | Draft Prayer for Relief and revise Counterclaim. | 2.00 | $ 175.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service provided is adequate. Furthermore, this entry has already been discounted by 50 percent. | | $ 175.00 |
| 84 | 6/2/2017 | PMH | Review electronic filing. | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The District has deleted this entry. | 0 | $ - |
| 85 | 6/6/2017 | PMH | Review emails, answer and counterclaim. | 0.20 | $ 20.00 | Y | Block billing | This entry was for the review of the answer and amended counterclaim and associated activities. Thus, it is not impermissible block billing. Furthermore, this entry has already been halved. | | $ 20.00 |
| 87 | 6/7/2017 | PMH | Review Amended Complaint. | 0.50 | $ 100.00 | N | | | | $ 100.00 |
| 90 | 6/9/2017 | ADI | Review Notice of Service of Amended Complaint. | 0.20 | $ 35.00 | N | Excessive, redundant or otherwise unnecessary. | | | $ 35.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 91 | 6/12/2017 | PMH | Review revised Amended Complaint. | 0.80 | $ 160.00 | N | Duplicate of #87 | This is not a duplicative entry. Counsel was simply continuing her review of the first amended complaint. A total of 1.7 hours was spent reviewing Plaintiff's first amended complaint. | | $ 160.00 |
| 92 | 6/13/2017 | PMH | Review Amended Complaint. | 0.40 | $ 80.00 | N | Duplicate of #87 | See above | | $ 80.00 |
| 93 | 6/13/2017 | EAP | Review emails, reply | 0.30 | $ 58.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The District has deleted this entry. | 0 | $ - |
| 96 | 6/14/2017 | PMH | Review Answer to First Amended Complaint and Counterclaim and redraft. | 1.00 | $ 100.00 | Y | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is inadequate. | | $ 100.00 |
| 100 | 6/15/2017 | ADI | Review Plaintiff's Motion to Amend Complaint and Court's Order granting Motion. | 0.30 | $ 52.50 | | | | | $ 52.50 |
| 101 | 6/15/2017 | ADI | Review Federal Rules of Civil Procedure 15 and calculate extension for filing Answer. | 0.20 | $ 35.00 | N | Block billing | This is not block billing. | | $ 35.00 |
| 102 | 6/16/2017 | ADI | Revise Counterclaim. | 0.30 | $ 26.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is inadequate. | | $ 26.25 |
| 103 | 6/19/2017 | ADI | Review Answer and Counterclaim. | 1.20 | $ 105.00 | Y | | | | $ 105.00 |
| 104 | 6/19/2017 | ADI | Review transcript from previous due process hearing regarding plaintiff's comments about Trina Spencer. | 0.40 | $ 35.00 | Y | | | | $ 35.00 |
| 116 | 6/20/2017 | ADI | Review revised Answer and Counterclaim and revise both. | 1.30 | $ 260.00 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | This is not block billing as both entries relate to the same document. | | $ 260.00 |
| 117 | 6/20/2017 | ADI | Facts investigation regarding responses in Answer. | 0.20 | $ 35.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 35.00 |
| 118 | 6/20/2017 | PMH | Review Revisions to Answer and Counterclaim. | 0.50 | $ 50.00 | Y | | | | $ 50.00 |
| 131 | 6/27/2017 | ADI | Review Fed. R. Civ. P. 12 regarding timeline for answering a counterclaim and calculate deadline. | 0.20 | $ 17.50 | Y | | | | $ 17.50 |
| 132 | 6/30/2017 | ADI | Review Order Setting Rule 16 Scheduling Conference. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 133 | 6/30/2017 | ADI | Review local rules regarding Motions to Strike and time to file response; calculate deadline for filing response | 0.30 | $ 26.25 | Y | | | | $ 26.25 |
| 134 | 6/30/2017 | PMH | Review Oskowis' Motion to Strike. | 0.80 | $ 80.00 | Y | | | | $ 80.00 |
| 135 | 7/3/2017 | ADI | Review Plaintiff's Motion to Strike. | 0.40 | $ 35.00 | | | | | $ 35.00 |
| 136 | 7/5/2017 | PMH | Review Rule 16 Scheduling Order and M. Oskowis' email. | 0.40 | $ 80.00 | | Block billing | There are only two entries for a short period of time, which would reasonably take .4 hours. | | $ 80.00 |
| 137 | 7/5/2017 | PMH | Email M. Oskowis. | 0.20 | $ 40.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Plaintiff was a party to this email and can review how long it was. | | $ 40.00 |
| 138 | 7/5/2017 | ADI | Review email from Plaintiff regarding scheduling Rule 16 Conference and status of settlement negotiations. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 139 | 7/10/2017 | PMH | Review and finalize Answer and Counterclaim. | 0.40 | $ 40.00 | Y | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate and is not impermissible block billing. Furthermore, the entry has already been discounted by 50 percent. | | $ 40.00 |
| 140 | 7/10/2017 | ADI | Review cases cited by Plaintiff in Motion to Strike. | 0.40 | $ 35.00 | Y | | | | $ 35.00 |
| 141 | 7/10/2017 | ADI | Draft Response to Plaintiff's Motion to Strike. | 0.90 | $ 78.75 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 78.75 |
| 142 | 7/10/2017 | ADI | Review Responses to Plaintiff's Motions to Strike Affirmative Defenses in Fed. #3. | 0.20 | $ 17.50 | Y | | | | $ 17.50 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 143 | 7/11/2017 | ADI | Revise Response to Motion to Strike. | 1.00 | $ 87.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry had already been discounted by 50 percent. | | $ 87.50 |
| 146 | 7/12/2017 | ADI | Review Plaitniff's Answer to Defendant's Counterclaim. | 0.30 | $ 26.25 | Y | | | | $ 26.25 |
| 147 | 7/12/2017 | ADI | Finalize draft Response to Plaintiff's Motion to Strike. | 0.60 | $ 52.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 52.50 |
| 149 | 7/13/2017 | ADI | Draft letter to Plaintiff regarding availability for discovery scheduling conference pursuant to Court Order and the Fed. R. Civ. P. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 150 | 7/13/2017 | PMH | Review letter regarding conference meet and confer dates. | 0.20 | $ 40.00 | Y | | | | $ 40.00 |
| 151 | 7/13/2017 | PMH | Review Oskowis' Answer. | 0.60 | $ 60.00 | Y | | | | $ 60.00 |
| 152 | 7/13/2017 | PMH | Review Response to Motion to Strike | 0.50 | $ 50.00 | Y | | | | $ 50.00 |
| 153 | 7/13/2017 | ADI | Finalize for filing with the court the District's Response to Plaintiff's Motion to Strike. | 0.50 | $ 43.75 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent.. | | $ 43.75 |
| 154 | 7/13/2017 | TM | Review Attorney Ivan's Citations and Shepardize cases in Motion to Strike. | 0.50 | $ 26.25 | Y | | | | $ 26.25 |
| 157 | 7/14/2017 | PMH | Review proposed Joint Case Management Plan and revise. | 1.00 | $ 200.00 | N | | | | $ 200.00 |
| 158 | 7/18/2017 | PMH | E-mail M. Oskowis regarding scheduling. | 0.20 | $ 40.00 | N | Excessive, redundant or otherwise unnecessary. | This entry is not excessive, redundant or otherwise unnecessary. It involved not only writing the words in the email to Plaintiff but also thinking about what should be in that email. | | $ 40.00 |
| 159 | 7/19/2017 | PMH | Review conference meeting dates. | 0.20 | $ 40.00 | N | | | | $ 40.00 |
| 160 | 7/21/2017 | ADI | Draft Joint Proposed Case Management Plan ( Defendant's portion) pursuant to Court's Order Setting Rule 16 Scheduling Conference. | 4.00 | $ 700.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 700.00 |
| 161 | 7/21/2017 | ADI | Review Rule 26 regarding initial disclosure obligations in relation to Counterclaim. | 0.40 | $ 35.00 | Y | | | | $ 35.00 |
| 162 | 7/21/2017 | ADI | Review Rules 16 and 26 regarding discovery of electronically stored information and assertions of privilege or protected work product. | 0.30 | $ 26.25 | Y | | | | $ 26.25 |
| 163 | 7/24/2017 | ADI | Revise draft Joint Proposed Case Management Plan and email to Plaintiff regarding same in anticipation of conference. | 1.40 | $ 245.00 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. It is not impermissible block billing as all entries relate to the joint case management plan. | | $ 245.00 |
| 164 | 7/25/2017 | PMH | Review and finalize proposed Joint Case Management Plan. | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 60.00 |
| 165 | 7/25/2017 | DA | Draft name and contact information portion of Defendant's Initial Discovery pleading. | 0.30 | $ 15.75 | Y | | | | $ 15.75 |
| 166 | 7/26/2017 | PMH | Review Joint Statement and Oskowis' response. | 1.00 | $ 200.00 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. It is not impermissible block billing as all entries relate to the joint case management plan. | | $ 200.00 |
| 167 | 7/26/2017 | PMH | Telephone Conference with M. Oskowis regarding Joint Statement. | 0.40 | $ 80.00 | N | | | | $ 80.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 168 | 7/26/2017 | PMH | Conference with T. Alley and M. Remus. | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Moreover, attorney client privilege | | |
| 169 | 7/26/2017 | ADI | Review Plaintiff's proposed revisions and insertions into the draft Joint Proposed Case Management Plan. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 170 | 7/26/2017 | ADI | Telephone conference with Matthew Oskowis to discuss Joint Proposed Case Management Plan. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 174 | 7/28/2017 | ADI | Draft Defendant's Initial Disclosure pleading. | 1.50 | $ 131.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 131.25 |
| 175 | 8/1/2017 | ADI | Revise Defendant's portion of draft Joint Proposed Case Management Plan. | 0.50 | $ 87.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 87.50 |
| 176 | 8/1/2017 | ADI | Draft Notice of Service of Initial Disclosures. | 0.30 | $ 26.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 26.25 |
| 177 | 8/4/2017 | PMH | Review and revise answer. | 0.50 | $ 100.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 100.00 |
| 178 | 8/4/2017 | PMH | Review for documents to add to answer. | 0.30 | $ 60.00 | N | | | | $ 60.00 |
| 179 | 8/4/2017 | ADI | Revise Defendant's Initial Disclosures with remaining witness address and phone contact information. | 0.40 | $ 35.00 | Y | | | | $ 35.00 |
| 182 | 8/5/2017 | PMH | Review and revise Joint Statement. | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 80.00 |
| 184 | 8/7/2017 | ADI | Review files for initial disclosures and identify documentation in support of claim for attornes' fees to be copied. | 0.80 | $ 70.00 | Y | | | | $ 70.00 |
| 185 | 8/8/2017 | ADI | Review files and identify documentation for initial disclosures to support counterclaim for attorney's fees. | 1.60 | $ 140.00 | Y | | | | $ 140.00 |
| 186 | 8/8/2017 | ADI | Finalize review of remaining files and identification of documents in support of claim. | 1.20 | $ 105.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 105.00 |
| 187 | 8/8/2017 | ADI | Review and finalize initial disclosures (documents and formal correspondences). | 0.30 | $ 26.25 | Y | | | | $ 26.25 |
| 188 | 8/8/2017 | TM | Compile and Organize E-mails for Counter Claim. | 0.70 | $ 36.75 | Y | | | | $ 36.75 |
| 192 | 8/9/2017 | ADI | Review and finalize emails to be released with Defendant's Initial Disclosures. | 0.80 | $ 70.00 | Y | | | | $ 70.00 |
| 193 | 8/9/2017 | ADI | Finalize Attorney Fee and cost computations and initial disclosure pleading and sign same. | 0.20 | $ 17.50 | Y | Block billing | The attorney fee and cost computation are part of the initial disclosure and thus this is not impermissible block billing. Furthermore, this entry has already been discounted by 50 percent. | | $ 17.50 |
| 198 | 8/10/2017 | ADI | Revise and finalize for filing Notice of Service of Defendant's Initial Disclosures. | 0.20 | $ 17.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, this entry has already been discounted by 50 percent. | | $ 17.50 |
| 200 | 8/14/2017 | ADI | Finalize Proposed Joint Case Management Plan for Plaintiff's final review and approval and email to Plaintiff regarding same. | 0.60 | $ 105.00 | Y | Block billing | Both entries go to the same activity - finalizing the case management plan. Thus, this entry is not impermissible block billing. | | $ 105.00 |
| 201 | 8/14/2017 | ADI | Revise draft Joint Proposed Case Management Plan with Plaintiff's insertions. | 0.50 | $ 87.50 | N | | | | $ 87.50 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 202 | 8/14/2017 | ADI | Draft letter to Plaintiff regarding receipt of revisions to Joint Proposed Case Management Plan. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 203 | 8/14/2017 | ADI | Review Plaintiff's email with revisions to Joint Case Management Plan and incorporate therein. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 204 | 8/14/2017 | ADI | Review email from Rebecca Vess regarding current contact information and willingness to assist District. | 0.20 | $ 17.50 | Y | | | | $ 17.50 |
| 205 | 8/16/2017 | ADI | Review pleadings and draft letter to Plaintiff regarding confirmation of current mailing address. | 0.60 | $ 105.00 | N | | | | $ 105.00 |
| 206 | 8/17/2017 | ADI | E-mail follow-up with Plaintiff regarding approval of final Joint Proposed Case Management Plan. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 207 | 8/18/2017 | ADI | Draft letter to Superintendent regarding submission of Joint Proposed Case Management Plan and current update. | 0.60 | $ 105.00 | N | | | | $ 105.00 |
| 208 | 8/18/2017 | ADI | Draft letter to Plaintiff regarding filing of Joint Proposed Case Management Plan in lieu of approval. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 209 | 8/18/2017 | ADI | Finalize and file Joint Proposed Case Management Plan. | 0.20 | $ 35.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 35.00 |
| 210 | 8/18/2017 | ADI | Review email from Plaintiff regarding approval of Joint Proposed Case Management Plan and election to file. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 211 | 8/23/2017 | ADI | Compile necessary documentation for creation of pretrial scheduling conference notebook and potential oral argument on Palintiff's Motion to Strike. | 0.50 | $ 43.75 | Y | | | | $ 43.75 |
| 212 | 8/27/2017 | ADI | Prepare for Pretrial Scheduling Conference. | 1.00 | $ 175.00 | N | | | | $ 175.00 |
| 213 | 8/28/2017 | ADI | Prepare for and attend Pretrial Scheduling Conference. | 1.00 | $ 175.00 | N | Block billing | Both entries go to the same activity - participating in the pretrial scheduling conference. Thus, this entry is not impermissible block billing. | | $ 175.00 |
| 216 | 8/29/2017 | ADI | Review email notice from court regarding Plaintiff's change of physical mailing address. | 0.20 | $ 35.00 | N | Excessive, redundant or otherwise unnecessary. | The District has decreased this entry to .1 | 0.1 | $ 17.50 |
| 217 | 8/29/2017 | ADI | Review Minute Entry regarding appearance of parties for Rule 16 Scheduling Conference. | 0.20 | $ 35.00 | N | Excessive, redundant or otherwise unnecessary. | The District has decreased this entry to .1 | 0.1 | $ 17.50 |
| 218 | 8/30/2017 | PMH | Conference with Attorney Ivan. | 0.20 | $ 40.00 | N | Inter-office communications should not be billed. | Inter-office communications relating to the billing of the case are properly billed. | | $ 40.00 |
| 219 | 8/30/2017 | PMH | Review strategy regarding depositions. | 0.30 | $ 30.00 | Y | | | | $ 30.00 |
| 220 | 8/30/2017 | ADI | Draft letter to Plaintiff regarding failure to timely serve Plaintiff's initial disclosures on Defendant. | 0.50 | $ 43.75 | Y | | | | $ 43.75 |
| 222 | 8/31/2017 | PMH | Review Order regarding dismissal of some counterclaims. | 0.50 | $ 50.00 | Y | | | | $ 50.00 |
| 223 | 9/1/2017 | PMH | Review Order regarding affirmative defense. | 0.40 | $ 80.00 | N | | | | $ 80.00 |
| 224 | 9/1/2017 | ADI | Review Rule 16 Scheduling Order | 0.40 | $ 35.00 | Y | | | | $ 35.00 |
| 225 | 9/1/2017 | ADI | Calculate dates set forth in Scheduling Order. | 0.30 | $ 26.25 | Y | Excessive, redundant or otherwise unnecessary. | This entry has already been discounted by 50 percent. | | $ 26.25 |
| 226 | 9/1/2017 | ADI | Review Court's Order on Plaintiff's Motion to Strike. | 0.30 | $ 26.25 | Y | | | | $ 26.25 |
| 227 | 9/8/2017 | PMH | Review Initial Disclosure | 0.50 | $ 50.00 | Y | | | | $ 50.00 |
| 228 | 9/10/2017 | ADI | Review Plaintiff's email with list of initial disclosures. | 0.30 | $ 26.25 | Y | | | | $ 26.25 |
| 229 | 9/10/2017 | ADI | Follow-up with Plaintiff regarding receipt of initial disclosure list. | 0.20 | $ 17.50 | Y | | | | $ 17.50 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|-------|------|-------------|-------------|-------|--------|--------|--------------------------|------------------------|---------------|----------------|
| 230 | 9/14/2017 | ADI | Facts investigation regarding Plaintiff's initial discovery and scope thereof. | 0.20 | $ 17.50 | Y | | | | $ 17.50 |
| 232 | 10/23/2017 | ADI | Revise First Amended Answer to Complaint. | 1.00 | $ 175.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 175.00 |
| 233 | 10/23/2017 | ADI | Draft track changes to First Amended Answer to Complaint for filing alongside Notice of Filing. | 1.00 | $ 175.00 | N | | | | $ 175.00 |
| 234 | 10/23/2017 | ADI | Draft Notice of Filing Amended Pleading after review of Local Rules of Civil Procedure governing amended pleadings. | 0.50 | $ 87.50 | Y | Block billing | These entries all go to the same activity - drafting notice of filing amended pleading - and therefore do not constitute impermissible block billing. | | $ 87.50 |
| 235 | 10/25/2017 | PMH | Review and Revise counterclaim. | 1.00 | $ 100.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 100.00 |
| 237 | 10/26/2017 | EAP | Study cases from 9th Circuit and 2 District Court findings on pleadings. | 0.90 | $ 175.50 | N | | | | $ 175.50 |
| 238 | 10/26/2017 | EAP | Research regarding standards for pleading, fees against parent. | 0.80 | $ 156.00 | N | | | | $ 156.00 |
| 239 | 10/26/2017 | ADI | Facts investigation regarding First Amended Answer. | 0.30 | $ 52.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 52.50 |
| 240 | 10/26/2017 | ADI | Revise First Amended Answer and Counterclaim. | 1.30 | $ 113.75 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 113.75 |
| 241 | 10/26/2017 | ADI | Finalize for filing First Amended Answer and Counterclaim. | 0.50 | $ 43.75 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 43.75 |
| 242 | 10/26/2017 | PMH | Review and revise Amened Answer and Counterclaim. | 1.00 | $ 100.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 100.00 |
| 243 | 10/26/2017 | PMH | Review and revise third draft of counterclaim and finalize. | 3.00 | $ 300.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 300.00 |
| 245 | 11/1/2017 | ADI | Review Plaintiff's Initial Disclosures. | 0.70 | $ 61.25 | Y | | | | $ 61.25 |
| 246 | 11/3/2017 | ADI | Facts investigation regarding underlying claims and case options. | 0.60 | $ 105.00 | N | | | | $ 105.00 |
| 247 | 11/3/2017 | ADI | Review confirmation of transfer of administrative records to federal court in underlying due process complaints on appeal. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 248 | 11/5/2017 | PMH | Review and revise Motion to Strike. | 0.50 | $ 50.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 50.00 |
| 249 | 11/6/2017 | ADI | Calculate deadline to file Response to Motion to Strike. | 0.20 | $ 17.50 | Y | Excessive, redundant or otherwise unnecessary. | The District has decreased this entry to .1 | 0.1 | $ 8.75 |
| 250 | 11/6/2017 | ADI | Review Motion to Strike. | 0.20 | $ 17.50 | Y | | | | $ 17.50 |
| 251 | 11/8/2017 | ADI | Facts investigation regarding Rule 11 Sanctions related to recent Motion to Strike. | 0.30 | $ 26.25 | Y | | | | $ 26.25 |
| 252 | 11/8/2017 | PMH | Review Motion to Dismiss under John's. | 0.40 | $ 40.00 | Y | | | | $ 40.00 |
| 254 | 11/9/2017 | ADI | Research pro se representation on behalf of minor children under federal law and 9th Circuit precedent. | 1.40 | $ 245.00 | N | | | | $ 245.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 255 | 11/10/2017 | ADI | Research related to Motion to Strike Defendant's Amended Counterclaim. | 1.00 | $ 87.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | |
| 257 | 11/10/2017 | ADI | Draft Response to Motion to Strike Defendant's Amended Counterclaim. | 1.50 | $ 131.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 131.25 |
| 258 | 11/11/2017 | ADI | Revise Response to Motion to Strike Defendant's Amended Counterclaim. | 1.00 | $ 87.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 87.50 |
| 259 | 11/16/2017 | PMH | Review Motion to Strike and Defendant's response; revise response. | 1.00 | $ 100.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 100.00 |
| 260 | 11/16/2017 | ADI | Finalize for filing the Response to Plaintiff's Second Motion to Strike and calendar deadline for Plaintiff to file reply. | 0.20 | $ 17.50 | Y | | | | $ 17.50 |
| 262 | 11/20/2017 | ADI | Facts investigation regarding oral and written depositions. | 0.60 | $ 52.50 | Y | | | | $ 52.50 |
| 263 | 11/20/2017 | PMH | Review file and prepare counterclaim. | 0.80 | $ 80.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 80.00 |
| 266 | 11/21/2017 | ADI | Research remote (i.e., telephonic or video-conferencing) oral depositions in federal Rules of Civil Procedure. | 0.30 | $ 26.25 | Y | | | | $ 26.25 |
| 267 | 11/21/2017 | PMH | Review deposition schedule/Court Order. | 0.30 | $ 30.00 | Y | | | | $ 30.00 |
| 269 | 11/22/2017 | PMH | Review deposition requirements of Federal Court. | 0.50 | $ 50.00 | Y | | | | $ 50.00 |
| 282 | 11/30/2017 | ADI | Review Notice of Filing/Lodging of Administrative Record by Plaintiff. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 283 | 11/30/2017 | ADI | Review filing by Court regarding receipt of Administrative Record. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 284 | 11/30/2017 | ADI | Facts investigation regarding timeline for drafting of affidavits and deposition of Matthew Oskowis. | 0.30 | $ 26.25 | Y | | | | $ 26.25 |
| 286 | 12/1/2017 | ADI | Draft letter to Trust | 0.60 | $ 52.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Moreover, the content of the letter is subject to attorney client privilege and the entry has already been discounted by 50 percent. | | |
| 287 | 12/1/2017 | ADI | Facts investigation regarding projected time for affidavits, witness consultation, deposition and Motion for Summary Judgment. | 0.20 | $ 17.50 | Y | | | | $ 17.50 |
| 289 | 12/5/2017 | EAP | Research regarding attorneys fees standard | 1.00 | $ 195.00 | N | | | | $ 195.00 |
| 290 | 12/6/2017 | ADI | Draft letter to Plaintiff regarding Notice of Intent to file 12© Motion. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 295 | 12/7/2017 | EAP | Research "improper purpose" under IDEA | 2.00 | $ 390.00 | N | | | | $ 390.00 |
| 296 | 12/7/2017 | EAP | Research for award of attorneys fees, IDEA | 1.40 | $ 273.00 | N | | | | $ 273.00 |
| 297 | 12/7/2017 | EAP | Study cases discussing improper purpose from around nation | 1.40 | $ 273.00 | N | | | | $ 273.00 |
| 298 | 12/7/2017 | EAP | Research regarding "frivolous" case under IDEA | 1.20 | $ 234.00 | N | | | | $ 234.00 |
| 301 | 12/8/2017 | NDS | Review caselaw on pleading standards and 28 USC 1415(i)(3) | 1.50 | $ 262.50 | N | | | | $ 262.50 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 302 | 12/8/2017 | EAP | Study cases finding improper purpose | 0.50 | $ 97.50 | N | | | | $ 97.50 |
| 303 | 12/8/2017 | EAP | summarize key factors for improper purpose, cases where rejected as not improper or findings was improper | 0.70 | $ 136.50 | N | | | | $ 136.50 |
| 304 | 12/8/2017 | ADI | Facts investigation regarding affidavits, prima facie elements, and proving counterclaim. | 2.20 | $ 192.50 | Y | | | | $ 192.50 |
| 305 | 12/8/2017 | RGT | Develop case plan; identify issues and response. | 2.10 | $ 204.75 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, this entry has already been discounted by 50 percent. | | |
| 306 | 12/8/2017 | EAP | Strategy for next steps in Federal #4, Affidavits, Motion for Summary Judgment | 1.30 | $ 126.75 | Y | | | | $ 126.75 |
| 307 | 12/8/2017 | PMH | Develop case plan and research Memorandum | 2.00 | $ 200.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, this entry has already been discounted by 50 percent. | | |
| 311 | 12/11/2017 | PMH | Review Request for Discovery. | 0.80 | $ 80.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, this entry has already been discounted by 50 percent. | | $ 80.00 |
| 313 | 12/12/2017 | NDS | Review 1/22/16 D.P. transcript of Tiffany Wilson testimony. | 2.20 | $ 192.50 | Y | | | | $ 192.50 |
| 314 | 12/12/2017 | NDS | Review 1/21/16 transcript testimony of Rebecca Vess and Michael Ramus | 1.50 | $ 131.25 | Y | | | | $ 131.25 |
| 319 | 12/14/2017 | NDS | Review Oskowis Initial Disclosure pet873-936; 1/30/2015 transcript | 2.70 | $ 236.25 | Y | | | | $ 236.25 |
| 320 | 12/15/2017 | NDS | Review Oskowis initial disclosure: pet873-733 | 3.00 | $ 262.50 | Y | | | | $ 262.50 |
| 321 | 12/15/2017 | NDS | Review Oskowis initial disclosure, pet.733-661; 4/12/2014 transcript of Traci Parry. | 3.00 | $ 262.50 | Y | | | | $ 262.50 |
| 322 | 12/15/2017 | ADI | Review Plaintiff's First Request for Production. | 0.40 | $ 35.00 | Y | | | | $ 35.00 |
| 323 | 12/15/2017 | ADI | Review Local Rules and Rule 34 and 26 of Fed. R. Civ. P. | 0.60 | $ 52.50 | Y | | | | $ 52.50 |
| 326 | 12/16/2017 | NDS | Research caselaw on improper purpose; Bethleham Sch. Dist. V. Zhou | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 327 | 12/18/2017 | PMH | Review notice letter and sign. | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The District has decreased this entry to .2 | 0.2 | $ 40.00 |
| 328 | 12/18/2017 | RGT | Initial determination of elements; proof response, use of affidavits. | 1.90 | $ 370.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 329 | 12/18/2017 | NDS | Review pet. 658-661, transcripts from Nov. 2013 D. P. Proceedings. | 2.50 | $ 218.75 | Y | | | | $ 218.75 |
| 330 | 12/18/2017 | PMH | Review Request for Production of Documents. | 0.60 | $ 60.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, this entry has already been discounted by 50 percent. | | $ 60.00 |
| 331 | 12/18/2017 | ADI | Facts regarding objections to Request for Production submitted by Plaintiff. | 0.40 | $ 35.00 | Y | | | | $ 35.00 |
| 336 | 12/19/2017 | EAP | Research regarding Zhu case, subsequent history. | 0.50 | $ 97.50 | N | | | | $ 97.50 |
| 337 | 12/19/2017 | NDS | Review casefile nad notes, organizing information for affidavits. | 1.50 | $ 131.25 | Y | | | | $ 131.25 |
| 338 | 12/19/2017 | PMH | Telephone conference with Sara Leon regarding Motion for Summary Judgment. | 1.00 | $ 100.00 | Y | | | | $ 100.00 |
| 344 | 12/20/2017 | NDS | Research caselaw: Rule 11, standard of review, sufficiency of allegations, IDEA pleading standards. | 1.50 | $ 262.50 | N | | | | $ 262.50 |
| 345 | 12/20/2017 | EAP | Review pleadings in Texas fees case, research citations | 0.60 | $ 117.00 | N | | | | $ 117.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 346 | 12/20/2017 | ADI | Review documents/pleadings/motions forwarded by Texas attorney; review Memorandum regarding Zhou decision. | 0.60 | $ 105.00 | N | | | | $ 105.00 |
| 347 | 12/20/2017 | EAP | Draft summary regarding Zhou case | 0.40 | $ 78.00 | N | | | | $ 78.00 |
| 348 | 12/20/2017 | NDS | Draft MSJ: Background info. | 1.60 | $ 280.00 | N | | | | $ 280.00 |
| 349 | 12/20/2017 | NDS | Draft MSJ; count 1 of counterclaim. | 4.20 | $ 735.00 | N | | | | $ 735.00 |
| 353 | 12/22/2017 | NDS | Edit MSJ: Counterclaims. | 1.00 | $ 175.00 | N | | | | $ 175.00 |
| 356 | 12/26/2017 | NDS | Draft MSJ on counterclaims: Intro and Conclusion. | 2.00 | $ 350.00 | N | | | | $ 350.00 |
| 357 | 12/26/2017 | NDS | Draft MSJ on counterclaims | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 358 | 12/27/2017 | NDS | Edit and Revise MSJ on counterclaims: added harassment claim. | 3.00 | $ 525.00 | N | | | | $ 525.00 |
| 359 | 12/28/2017 | NDS | Revise MSJ: counterclaims | 1.00 | $ 175.00 | N | | | | $ 175.00 |
| 360 | 12/28/2017 | NDS | Email partners draft of MSJ on counterclaims, discussing thoughts and strategies moving forward regarding Rule 12(c) motion. | 1.00 | $ 175.00 | N | Inter-office communications should not be billed. | Inter-office communications relating to the processing of the case are properly billed. | | $ 175.00 |
| 361 | 1/1/2018 | PMH | Review extensive research. | 0.50 | $ 100.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the services is adequate. | | |
| 362 | 1/2/2018 | PMH | Review file and e-mails. | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 363 | 1/2/2018 | ADI | Draft Response to Plaintiff's First Request for Production (Preliminary Statement, General Objections, and Objections to Instructions and Definitions). | 2.00 | $ 175.00 | N | | | | $ 175.00 |
| 369 | 1/3/2018 | ADI | Review draft analysis for Motion. | 0.30 | $ 52.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 52.50 |
| 370 | 1/3/2018 | NDS | Conference with Alex regarding supplemental disclosures. | 0.20 | $ 17.50 | Y | Inter-office communications should not be billed. | Inter-office communications relating to the processing of the case are properly billed. | | $ 17.50 |
| 371 | 1/3/2018 | RGT | Review correspondence and reply. | 0.30 | $ 29.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 29.25 |
| 372 | 1/3/2018 | ADI | Draft Notice of sService of Response to Request for Production. | 0.30 | $ 26.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The Description of services is adequate. | | $ 26.25 |
| ~~373~~ | ~~1/3/2018~~ | ~~ADI~~ | ~~Draft Objections and Responses to Plaintiff's First request for Production.~~ | ~~1.80~~ | ~~$ 157.50~~ | ~~Y~~ | Duplicate of no charge #379 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 374 | 1/3/2018 | ADI | Preview pleadings in prior consolidated hearing from 2013/2014 for disclsoure. | 0.40 | $ 35.00 | Y | | | | $ 35.00 |
| 375 | 1/3/2018 | ADI | Facts investigation regarding supplemental disclosure. | 0.20 | $ 17.50 | Y | | | | $ 17.50 |
| 376 | 1/3/2018 | ADI | Draft Supplemental Disclosure. | 0.30 | $ 26.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 26.25 |
| 382 | 1/4/2018 | NDS | Prepare for attorney meeting on all pending Oskowis matters with Patrice, Gehl, Alex, Eve, Sheri. | 0.50 | $ 87.50 | N | Inter-office communications should not be billed. | Inter-office communications relating to the processing of the case are properly billed. | | $ 87.50 |
| 383 | 1/4/2018 | RGT | Develop litigation plan; draft deposition Questions. | 1.20 | $ 117.00 | Y | Block billing | This entry is sufficiently specific to determine whether the time allotted is reasonable. Furthermore, the entry has already been discounted by 50 percent. | | $ 117.00 |
| 384 | 1/4/2018 | ADI | Facts investigation regarding litigation strategy. | 0.30 | $ 26.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 26.25 |
| 385 | 1/4/2018 | EAP | Consider strategy regarding next steps. | 0.50 | $ 48.75 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 389 | 1/5/2018 | ADI | Research and review Fed. R. Civ. P. 28 and 30 regarding depositions | 0.40 | $  35.00 | Y | | | | $  35.00 |
| 391 | 1/5/2018 | NDS | Draft 12(c) motion for judgment on the pleadings - background, statement of facts, research on 12(c) standards. | 1.75 | $  153.13 | Y | Duplicate of no charge #392 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 394 | 1/7/2018 | ADI | Facts investigationg regarding revisions to and finalizing of Reponse to Plaintiff's Request for Production; finalize for service on Plaintiff. | 0.40 | $  35.00 | Y | | | | $  35.00 |
| 395 | 1/7/2018 | ADI | Draft letter to Trust. | 0.40 | $  35.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the service is adequate. Moreover, subject to attorney client privilege | | |
| 397 | 1/8/2018 | ADI | Facts investigation regarding remaining disclosures and audio from OAH prehearing conferences. | 0.30 | $  26.25 | Y | | | | $  26.25 |
| 398 | 1/8/2018 | EAP | Review draft Response and Request for Production, comments | 0.80 | $  78.00 | Y | | | | $  78.00 |
| 399 | 1/8/2018 | NDS | Research standard review for 12(c) motions; Research how they relate to 1415(i)(2) appeals; draft "Standard of Review: Fed. R. Civ. P. 12(c) " section. | 2.60 | $  227.50 | Y | Duplicate of no charge #400 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 402 | 1/9/2018 | ADI | Finalize Response to Plaintiff's First Request for Production. | 0.40 | $  35.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $  35.00 |
| 404 | 1/9/2018 | NDS | Revise/Edit Rule 12(c) Motion for Judgment on the Pleadings. | 0.40 | $  35.00 | Y | Duplicate of no charge #409 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 405 | 1/9/2018 | NDS | Draft 12(c) motion, Analysis section and Count 1. | 0.90 | $  78.75 | Y | Duplicate of no charge #408 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 406 | 1/9/2018 | NDS | Draft 12(c) Motion for Judgment on the Pleadings; update analysis section and draft Counts 1, 2, and 3. | 1.30 | $  113.75 | Y | Duplicate of no charge #407 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 411 | 1/10/2018 | NDS | Edit 12(c) motion for judgment on the pleadings: analysis section. | 0.35 | $  30.63 | Y | Duplicate of no charge #416 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 412 | 1/10/2018 | NDS | Draft 12(c) Motion for Judgment on the Pleadings; Count 3, Conclusion sections. | 1.00 | $  87.50 | Y | Duplicate of no charge #415 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 413 | 1/10/2018 | NDS | Research whether 12(c) motion in this context, if granted, is with prejudice or without. | 0.35 | $  30.63 | Y | Duplicate of no charge #417 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 414 | 1/10/2018 | NDS | Edit Rule 12(c) Motion for Judgment on the Pleadings. | 0.70 | $  61.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The descripton of the services is adequate. | | $  61.25 |
| 420 | 1/11/2018 | NDS | Edit 12(c) Motion for Judgment on the Pleadings; revise count 3 analysis. | 0.80 | $  70.00 | Y | | | | $  70.00 |
| 421 | 1/12/2018 | SA | Reviewed Fed 4 Amended Answer to determine disclosure needs. | 0.35 | $  22.75 | Y | Duplicate of no charge #429 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 422 | 1/12/2018 | SA | Prepare Supplemental Disclosure Fed 4 | 0.70 | $  45.50 | Y | Duplicate of no charge #426 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 423 | 1/12/2018 | SA | Research Initial Disclosure Docs | 0.50 | $  32.50 | Y | Duplicate of no charge #428 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 432 | 1/15/2018 | ADI | Review Federal Rules of Civil Procedure regarding Notice of Deposition; draft Notice to Plaintiff of Oral deposition. | 0.70 | $  61.25 | Y | Block billing | This entry describes services both related to drafting the notice of oral deposition and thus are not impermissible block billing. | | $  61.25 |
| 433 | 1/15/2018 | ADI | Draft Notice of Service on Plaintiff of Notice of Deposition. | 0.30 | $  26.25 | Y | | | | $  26.25 |
| 434 | 1/15/2018 | ADI | Review Motion for Judgment on the Pleadings. | 0.30 | $  26.25 | Y | | | | $  26.25 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 435 | 1/16/2018 | ADI | Facts investigation regarding discovery to be supplemented. | 1.00 | $ 87.50 | Y | | | | $ 87.50 |
| 436 | 1/16/2018 | SA | Reviewed Model Rules of Civil Procedure for Depositions. | 0.20 | $ 13.00 | Y | | | | $ 13.00 |
| 437 | 1/16/2018 | NDS | Edit 12(c) Motion for Judgment on the Pleadings; email draft to Team for input. | 0.50 | $ 43.75 | Y | Block billing | This entry describes services that are both related to drafting of the Rule 12(c) motion for judgment on the pleadings and thus are not impermissible block billing. | | $ 43.75 |
| 438 | 1/16/2018 | ADI | Finalize letter to Plaintiff regarding notice of intent to file 12(c) Motion. | 0.30 | $ 26.25 | Y | | | | $ 26.25 |
| 442 | 1/18/2018 | SA | Prepare Discovery for Supplemental Disclosure | 0.90 | $ 58.50 | Y | Duplicate of no charge #444 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 443 | 1/18/2018 | PMH | Review and revise Judgment on the Pleadings. | 0.80 | $ 80.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 80.00 |
| 448 | 1/20/2018 | RGT | Review 17C and draft deposition questions. | 1.10 | $ 107.25 | Y | | | | $ 107.25 |
| 451 | 1/21/2018 | NDS | Edit 12(c) motion for judgment on the pleadings in Fed #4 after receiving input form Attorney Horstman, Attorney Tucker, and Attorney Ivan. | 0.75 | $ 65.63 | Y | Duplicate of no charge #458 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 452 | 1/21/2018 | ADI | Facts investigation regarding 12(c) Motion and revisions. | 1.60 | $ 140.00 | Y | | | | $ 140.00 |
| 459 | 1/22/2018 | ADI | Conference and lunch with Attorney Tucker. | 1.20 | $ 105.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | Work product privilege. Nonetheless, the District has decreased this entry to .5 | 0.5 | |
| 461 | 1/22/2018 | NDS | Edit 12(c) Motion for Judgment on the Pleadings. | 0.80 | $ 70.00 | Y | Duplicate of no charge #461 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 478 | 1/29/2018 | ADI | Review Fed. R. Civ. P. 45 regarding proof of service of subpoena and tendering fees; review 28 U.S.C. 1821 regarding per diem mileage and attendance fees; review uniformed table of distances and mileage reimbursement rates from Administrator of General Services. | 1.00 | $ 87.50 | Y | Block billing | All of the activities in this billing relate to to the preparation of the notice and subpoena for Plaintiff's deposition. Therefore it is not impermissible block billing. Furthermore, this entry has already been discounted by 50 percent. | | $ 87.50 |
| 479 | 1/30/2018 | ADI | Telephone call to Plaintiff and voicemail regarding availability to receive Notice of Deposition and subpoena. | 0.20 | $ 17.50 | Y | | | | $ 17.50 |
| 488 | 1/31/2018 | ADI | Draft Response to Plaintiff's Motion to Strike. | 2.30 | $ 201.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, this entry has already been discounted by 50 percent. | | $ 201.25 |
| 490 | 2/1/2018 | ADI | Revise and finalize Notice of Taking Deposition. | 0.30 | $ 26.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, this entry has already been discounted by 50 percent. | | $ 26.25 |
| 491 | 2/1/2018 | ADI | Voicemail to Plaintiff regarding personal service of subpoena; follow-up email. | 0.50 | $ 43.75 | Y | Block Billing | All of the activities in this billing relate to a communication with Plaintiff, a phone call and an email. Therefore it is not impermissible block billing. Furthermore, this entry has already been discounted by 50 percent. | | $ 43.75 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 493 | 2/1/2018 | NDS | Review response to motion to strike out 12(c) motion. Suggest edits for Attorney Horstman and Ivan and discuss same with Attorney Ivan. | 2.00 | $ 175.00 | Y | Block billing | All of the activities in this billing relate to a revision of the Rule 12(c) motion. Therefore it is not impermissible block billing. Furthermore, this entry is discounted by 50 percent. | | $ 175.00 |
| 494 | 2/1/2018 | ADI | Revise Response to Plaintiff's Motion to Strike | 0.60 | $ 52.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, this entry has already been discounted by 50 percent. | | $ 52.50 |
| 496 | 2/2/2018 | NDS | Conference with Attorney Alex Ivan and Paralegal Sheri F-S on supplemental disclosures in Fed. #4. Redact certain bills for disclosure. | 0.50 | $ 43.75 | Y | Block billing. Inter-office communications should not be billed. | Inter-office communications relating to the processing of the case are properly billed. Furthermore, this entry has already been discounted by 50 percent. | | $ 43.75 |
| 497 | 2/2/2018 | PMH | Review e-mail from Matt Oskowis (x2) regarding disclosure and service of subpoena. | 0.30 | $ 30.00 | Y | | | | $ 30.00 |
| 498 | 2/2/2018 | PMH | Review and revise response to Motion to Strike. | 0.30 | $ 30.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, this entry has already been discounted by 50 percent. | | $ 30.00 |
| 499 | 2/5/2018 | SA | Draft letter to District Finance and Business Manager regarding: Discovery Requests. | 0.30 | $ 19.50 | Y | | | | $ 19.50 |
| 500 | 2/5/2018 | SA | Telephone call with Paula Tallini, Process Server regarding: serving Mr. Oskowis at the IEP meeting. | 0.20 | $ 13.00 | Y | | | | $ 13.00 |
| 501 | 2/5/2018 | ADI | Review, revise and finalize letter to Kathleen Hutchison regarding employee information. | 0.50 | $ 43.75 | Y | | | | $ 43.75 |
| 502 | 2/5/2018 | ADI | Review, revise and finalize letter to finance director regarding invoices, etc. from Dr. Trina Spencer. | 0.50 | $ 43.75 | Y | | | | $ 43.75 |
| 503 | 2/5/2018 | SA | Phone call with Paula Tallini regarding: serving Matthew Oskowis | 0.20 | $ 13.00 | Y | | | | $ 13.00 |
| 504 | 2/5/2018 | PMH | Review and revise letter to Trust. | 0.20 | $ 20.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | Attorney client privilege. Furthermore, this entry has already been discounted by 50 percent. | | |
| 505 | 2/6/2018 | ADI | Review email response from H.R. Director regarding timeline for provision of employee documentation. | 0.20 | $ 17.50 | Y | | | | $ 17.50 |
| 513 | 2/7/2018 | ADI | Review Plaintiff's Response to Defendant's 12(c) Motion. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 514 | 2/7/2018 | ADI | Review response from H.R. Director regarding employee information. | 0.20 | $ 17.50 | Y | | | | $ 17.50 |
| 515 | 2/7/2018 | PMH | Review Oskowis mandatory initial disclosure. | 0.30 | $ 30.00 | Y | | | | $ 30.00 |
| 516 | 2/7/2018 | PMH | Review emails regarding Oskowis avoiding service and respond. | 0.20 | $ 20.00 | Y | | | | $ 20.00 |
| 520 | 2/8/2018 | PMH | Review initial discovery disclosure (Oskowis) | 0.60 | $ 60.00 | Y | | | | $ 60.00 |
| 523 | 2/9/2018 | PMH | Review strategy | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 524 | 2/9/2018 | ADI | Draft, revise and finalize acceptance of service; send to Plaintiff. | 0.50 | $ 43.75 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | All of the services described are related to the acceptance of service and thus do not constitute impermissible block billing. | | $ 43.75 |
| ~~529~~ | ~~2/12/2018~~ | ~~NDS~~ | ~~Draft Reply to Matt's Response to our 12(c) Motion for judgment on the Pleadings.~~ | ~~3.60~~ | ~~$ 630.00~~ | ~~N~~ | Duplicate #530 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 530 | 2/12/2018 | NDS | Draft Reply to Matt's Response to our 12(c) Motion for judgment on the Pleadings. | 2.20 | $ 385.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | | | $ 385.00 |
| 531 | 2/12/2018 | SA | Draft Acceptance of Service for Subpoena | 0.20 | $ 13.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 13.00 |
| 532 | 2/12/2018 | PMH | Review emails regarding service | 0.30 | $ 30.00 | Y | | | | $ 30.00 |
| 535 | 2/14/2018 | NDS | Edit Reply on 12(c) motion addressing attorney Alex Ivan's Comments | 1.00 | $ 175.00 | N | | | | $ 175.00 |
| 536 | 2/14/2018 | ADI | Review and revise Reply to Plaintiff's Response. | 0.80 | $ 140.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 140.00 |
| 537 | 2/14/2018 | ADI | Revise and finalize for filing Defendant's Reply Brief. | 0.70 | $ 122.50 | N | | | | $ 122.50 |
| 538 | 2/14/2018 | NDS | Finalize Reply on 12(c) motion addressing attorney Alex Ivan's Comments | 0.60 | $ 105.00 | N | | | | $ 105.00 |
| 539 | 2/14/2018 | PMH | Review, reply and revise. | 0.50 | $ 100.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 100.00 |
| 540 | 2/14/2018 | PMH | Review Joint Statement. | 0.30 | $ 60.00 | N | | | | $ 60.00 |
| 541 | 2/14/2018 | ADI | Draft Motion to Summary Judgment. | 1.50 | $ 262.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 262.50 |
| 543 | 2/15/2018 | ADI | Facts investigation regarding applicability of prevailing party test to Defendants. | 0.60 | $ 105.00 | N | | | | $ 105.00 |
| 544 | 2/15/2018 | ADI | Draft Summary Judgment Motion. | 1.50 | $ 262.50 | N | Duplicate of #541 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 547 | 2/16/2018 | PMH | Review prevailing party cases. | 0.50 | $ 100.00 | N | | | | $ 100.00 |
| 550 | 2/17/2018 | RGT | Draft questions for deposition. | 3.40 | $ 331.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 331.50 |
| 552 | 2/18/2018 | RGT | Review complaint and counterclaim; draft questions for deposition. | 3.90 | $ 380.25 | Y | Block billing | All of the services described are related to the preparation for the deposition and thus do not constitute impermissible block billing. Furthermore, the entry has already been discounted by 50 percent. | | $ 380.25 |
| 553 | 2/19/2018 | RGT | Internet search for Oskowis websites; draft final questions. | 4.20 | $ 409.50 | Y | Block billing | All of the services described are related to the preparation for the deposition and thus do not constitute impermissible block billing. Furthermore, the entry has already been discounted by 50 percent. | | $ 409.50 |
| 556 | 2/20/2018 | RGT | Prepare for deposition; conduct deposition; follow up regarding deposition information Olmsted/Mesa/Tav. | 4.80 | $ 468.00 | Y | Block billing | All of the services described are related to the preparation for the deposition and thus do not constitute impermissible block billing. Furthermore, the entry has already been discounted by 50 percent. | | $ 468.00 |
| 564 | 2/21/2018 | ADI | Research prevailing party determination/eligibility. | 0.70 | $ 122.50 | N | | | | $ 122.50 |
| 565 | 2/21/2018 | ADI | Review email from Sally Cadigan regarding Oskowis call to public. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 573 | 2/23/2018 | ADI | Telephone conference with Danielle Allocco, Director of Chrysalus Academy regarding subpoena. | 0.40 | $ 70.00 | N | Inconsistent billing. Refer to #567, 571, 572, and 578 | The District has deleted this entry. | 0 | $ - |
| 577 | 2/26/2018 | PMH | Review Oskowis evaluation regarding EIS submission response (2x) | 0.40 | $ 40.00 | Y | | | | $ 40.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 581 | 2/27/2018 | SA | Draft Supplemental Disclosure. | 2.00 | $ 130.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The desription of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | $ 130.00 |
| 584 | 2/28/2018 | SA | Revise Supplemental disclosure. | 0.40 | $ 26.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The desription of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | $ 26.00 |
| 585 | 2/28/2018 | PMH | Review Oskowis email regarding ESI and response. | 0.40 | $ 40.00 | Y | | | | $ 40.00 |
| 586 | 2/28/2018 | PMH | Review TERIS Agreement and email TERIS | 0.20 | $ 20.00 | Y | Block billing | All of the services described are related to the retention of internet based research form and thus do not constitute impermissible block billing. Furthermore, the entry has already been discounted by 50 percent. | | $ 20.00 |
| 587 | 2/28/2018 | PMH | Review email regarding Rule 16 and Order. | 0.40 | $ 40.00 | Y | | | | $ 40.00 |
| 588 | 3/2/2018 | PMH | Review and finalize disclosure request for documents. | 0.40 | $ 40.00 | Y | | | | $ 40.00 |
| 591 | 3/5/2018 | PMH | Review emails regarding TERIS production and email Assistant Allamong (2X) | 0.60 | $ 60.00 | Y | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | All of the services described are related to the retention of internet based research form and thus do not constitute impermissible block billing. Furthermore, the entry has already been discounted by 50 percent. | | $ 60.00 |
| 592 | 3/5/2018 | PMH | Review emails | 0.30 | $ 30.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The desription of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | |
| 595 | 3/6/2018 | ADI | Telephone conference with TERIS regarding production methods. | 0.60 | $ 52.50 | Y | | | | $ 52.50 |
| 596 | 3/6/2018 | ADI | Facts investigation regarding review of documentation and release of such to Plaintiff. | 0.40 | $ 35.00 | Y | | | | $ 35.00 |
| 597 | 3/6/2018 | ADI | E-mail to Plaintiff regarding production of documentation. | 0.30 | $ 26.25 | Y | | | | $ 26.25 |
| 598 | 3/6/2018 | PMH | Review TERIS emails and prepare for electronic product. | 0.80 | $ 80.00 | Y | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | All of the services described are electronic records production and thus and thus do not constitute impermissible block billing. Furthermore, the entry has already been discounted by 50 percent. | | |
| 599 | 3/6/2018 | PMH | Teleconference with TERIS | 0.40 | $ 40.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | |
| 602 | 3/7/2018 | PMH | Review electronic records/ privileged documents | 2.50 | $ 250.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | $ 250.00 |
| 603 | 3/7/2018 | PMH | Telephone conference with TERIS (3x) | 0.40 | $ 40.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 604 | 3/7/2018 | PMH | Review and finalize response to initial disclosure | 0.30 | $ 30.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | $ 30.00 |
| 605 | 3/7/2018 | PMH | Review and finalize letter to Oskowis | 0.30 | $ 30.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | |
| 606 | 3/7/2018 | PMH | Telephone conference with Sharon/TERIS (3x) | 0.60 | $ 60.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | |
| 607 | 3/7/2018 | PMH | Review electronic records - 900 X | 2.50 | $ 250.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | $ 250.00 |
| 608 | 3/7/2018 | ADI | Review documentation for responsiveness and privilege. | 3.50 | $ 306.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | $ 306.25 |
| 609 | 3/7/2018 | ADI | Review confirmation e-mail and Proof of Service. | 0.20 | $ 17.50 | Y | Excessive, redundant or otherwise unnecessary. | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | $ 17.50 |
| 610 | 3/7/2018 | EAP | Discussion with team regarding review | 0.50 | $ 48.75 | Y | Inter-office communications should not be billed. | Inter-office communications relating to the processing of the case are properly billed. | | $ 48.75 |
| 611 | 3/7/2018 | EAP | Review emails for disclosure. | 3.20 | $ 312.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | $ 312.00 |
| 618 | 3/8/2018 | PMH | Review electronic records privilege and redaction. | 0.50 | $ 50.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | $ 50.00 |
| ~~619~~ | ~~3/8/2018~~ | ~~PMH~~ | ~~Telephone conference with Sharon Brown~~ | ~~0.20~~ | ~~$ 20.00~~ | ~~Y~~ | Duplicate of #623. Lacking appropriate detail. LRCiv 54.2(e)(2) | The alleged duplicate was a no charge and has been removed from this excel spread sheet. The description of services is adequate. | | |
| 620 | 3/8/2018 | PMH | Review emails from Sharon Brown and respond | 0.30 | $ 30.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | |
| ~~621~~ | ~~3/8/2018~~ | ~~PMH~~ | ~~Telephone conference with Sharon Brown~~ | ~~0.30~~ | ~~$ 30.00~~ | ~~Y~~ | Duplicate of #623. Lacking appropriate detail. LRCiv 54.2(e)(2) | The District has deleted this entry. | 0 | $ - |
| 622 | 3/8/2018 | PMH | Review and finalize relectronic records | 1.50 | $ 150.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | $ 150.00 |
| 623 | 3/8/2018 | PMH | Telephone conference with Sharon Brown (2x) | 0.30 | $ 30.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 624 | 3/8/2018 | PMH | Emails from Sharon Brown (2x) | 0.40 | $ 40.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | |
| 625 | 3/8/2018 | EAP | Further review of emails for disclosure | 2.10 | $ 204.75 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | $ 204.75 |
| 626 | 3/8/2018 | EAP | Telephone calls (2) to Teris and Sharon Brown | 0.30 | $ 29.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | |
| 627 | 3/8/2018 | EAP | Emails (2) to TERIS and Sharon Brown | 0.20 | $ 19.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | |
| 628 | 3/8/2018 | EAP | Review additional email, Reply | 0.20 | $ 19.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Futhermore, the entry has already been discounted by 50 percent. | | |
| 633 | 3/12/2018 | SA | Review emails regarding: Fed 4 from last week (54 total) | 1.00 | $ 130.00 | N | | | | $ 130.00 |
| 634 | 3/12/2018 | SA | Review emails regarding: Fed 4 from last week (54 total) | 1.00 | $ 130.00 | N | Duplicate #633 | The District has deleted this entry. | 0 | $ - |
| 635 | 3/12/2018 | EAP | Review current status, disclosure | 0.40 | $ 78.00 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 78.00 |
| 672 | 3/16/2018 | ADI | Review, revise, and finalize Defendant's final supplemental disclosures. | 0.30 | $ 26.25 | Y | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | All of the services described are related to the finalization of Defendant's initial disclosures thus do not constitute impermissible block billing. Furthermore, the entry has already been discounted by 50 percent. | | $ 26.25 |
| 673 | 3/16/2018 | ADI | Telephone conference with Attorney Tucker and Sheri Smith-Fetzer | 0.30 | $ 26.25 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequately detailed. Furthermore, the entry has already been discounted by 50 percent. | | |
| 686 | 3/19/2018 | PMH | Review discovery requests and respond (2x) | 0.40 | $ 40.00 | Y | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | This is not block billing. | | $ 40.00 |
| 693 | 3/20/2018 | ADI | Review, revise, and finalize Notice of Service of Defendant's Supplemental Disclosures. | 0.20 | $ 17.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequately detailed. Furthermore, the entry has already been discounted by 50 percent. | | $ 17.50 |
| 703 | 3/21/2018 | PMH | Review documents regarding discovery | 1.00 | $ 100.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequately detailed. Furthermore, the entry has already been discounted by 50 percent. | | |
| 704 | 3/21/2018 | PMH | Strategy and fact finding | 1.00 | $ 100.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequtaley detailed. Furthermore, the entry has already been discounted by 50 percent. | | |
| 715 | 3/22/2018 | PMH | E-mail Oskowis regarding Motion in Limine | 0.30 | $ 60.00 | N | | | | $ 60.00 |
| 716 | 3/22/2018 | PMH | E-mail and respond regarding settlement | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 717 | 3/22/2018 | PMH | Review Oskowis email (3x) | 0.60 | $ 60.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | |
| 729 | 3/23/2018 | ADI | Draft letter to Plaintiff regarding availability to hold good faith settlement discussions. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 730 | 3/23/2018 | PMH | Email Oskowis regarding settlement meeting | 0.40 | $ 80.00 | N | | | | $ 80.00 |
| 731 | 3/23/2018 | PMH | Review Oskowis email and respond | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | |
| 732 | 3/23/2018 | ADI | Respond to Plaintiff regarding proposed Motion to Limine. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 733 | 3/23/2018 | ADI | Revise and finalize Notice of Service of Supplemental Disclosures. | 0.20 | $ 17.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 17.50 |
| 734 | 3/23/2018 | ADI | Revise and finalize Notice of Service of Documentation Responsive to Plaintiff's First Request for Production. | 0.20 | $ 17.50 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | $ 17.50 |
| 735 | 3/23/2018 | PMH | Review affidavits and joint motion for summary judgment | 1.25 | $ 125.00 | Y | Duplicate of no charge #737 | The alleged duplicate was a no charge and has been removed from this excel spreadsheet. | | |
| 750 | 3/27/2018 | PMH | Review Oskowis email regarding settlement and respond | 0.30 | $ 60.00 | N | | | | $ 60.00 |
| 751 | 3/27/2018 | PMH | Review file and preparement of summary judgment. | 1.00 | $ 200.00 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 200.00 |
| 752 | 3/27/2018 | PMH | Review email and respond | 0.20 | $ 20.00 | Y | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Furthermore, the entry has already been discounted by 50 percent. | | |
| 767 | 3/28/2018 | ADI | Draft Motion for Summary Judgment on Counterclaim. | 1.75 | $ 306.25 | N | Duplicate of no charge #772 | The alleged duplicate was no charged and has been removed from this excel spreadsheet. | | |
| 768 | 3/28/2018 | ADI | Draft Statement of Undisputed Facts in Support of Motion for Summary Judgment. | 0.20 | $ 35.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 35.00 |
| 769 | 3/28/2018 | ADI | Review research for sumary judgment motion. | 2.50 | $ 437.50 | N | | | | $ 437.50 |
| 776 | 3/29/2018 | PMH | Review good faith settlement discussion and Rule 16 order | 0.50 | $ 100.00 | N | | | | $ 100.00 |
| 777 | 3/29/2018 | PMH | Review email regarding prevailing party status and research | 0.40 | $ 80.00 | N | | | | $ 80.00 |
| 780 | 3/30/2018 | EAP | Consider Approach regarding Motion for Summary Judgment | 0.40 | $ 78.00 | N | | | | $ 78.00 |
| 787 | 4/2/2018 | PMH | Review email regarding settlement and conference and review Rule 16 | 0.50 | $ 100.00 | N | | | | $ 100.00 |
| 788 | 4/2/2018 | PMH | Review email regarding counterclaim research. | 0.30 | $ 30.00 | Y | | | | $ 30.00 |
| 795 | 4/3/2018 | PMH | Conference with Matt Oskowis regarding good faith settlement | 1.00 | $ 200.00 | N | | | | $ 200.00 |
| 796 | 4/3/2018 | PMH | Review and finalize memos and nots to files | 1.00 | $ 200.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 200.00 |
| 797 | 4/3/2018 | PMH | Prepare and review Order | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 80.00 |
| 798 | 4/3/2018 | PMH | Email Trish Alley | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Moreover, the contents was subject to attorney client privilege. | | |
| 799 | 4/3/2018 | PMH | Conference with Sheri regarding drafting Notice for Court | 0.30 | $ 60.00 | N | Inter-office communications should not be billed. | Inter-office communications relating to the processing of the case are properly billed. | | $ 60.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 804 | 4/4/2018 | PMH | Review and redraft minutes of settlement. | 0.80 | $ 160.00 | N | | | | $ 160.00 |
| 805 | 4/4/2018 | PMH | Review email and respond to District. | 0.80 | $ 160.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Moreover, the contents was subject to attorney client privilege. | | |
| 806 | 4/4/2018 | ADI | Review various email correspondence from Plaintiff questioning good faith settlement discussions; follow up regarding same. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 807 | 4/4/2018 | PMH | Draft notice to court of settlement | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 80.00 |
| 809 | 4/5/2018 | PMH | Review Oskowis email and respond (3x) | 1.00 | $ 200.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 810 | 4/5/2018 | PMH | Review finalized minutes | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 60.00 |
| 818 | 4/6/2018 | PMH | Review Oskowis email and respond Good Faith Settlement (2x) | 0.60 | $ 120.00 | N | | | | $ 120.00 |
| 819 | 4/6/2018 | PMH | Review Oskowis response and respond | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 80.00 |
| 823 | 4/8/2018 | ADI | Review Federal Rule of Evidence 408 regarding confidentiality of settlement negotiations. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 825 | 4/9/2018 | PMH | Draft good faith settlement report | 0.80 | $ 160.00 | N | | | | $ 160.00 |
| 826 | 4/9/2018 | PMH | Review email Oskowis and respond (2x) | 0.60 | $ 120.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 120.00 |
| 827 | 4/9/2018 | PMH | Review Court Order regarding status | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 60.00 |
| 828 | 4/9/2018 | PMH | Review and finalize Joint Report | 0.30 | $ 60.00 | N | | | | $ 60.00 |
| 829 | 4/9/2018 | ADI | Review appellate brief in D.C. Circuit case regarding prevailing status determination. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 830 | 4/9/2018 | EAP | Review emails for use as exhibits. | 0.25 | $ 24.38 | Y | Duplicate of no charge #833 | The alleged duplicate was no charged and has been removed from this excel spreadsheet. | | |
| 835 | 4/10/2018 | ADI | Research definition of party for political subdivision; draft memorandum regarding same. | 1.50 | $ 262.50 | N | | | | $ 262.50 |
| 836 | 4/10/2018 | EAP | Research issue of prevailing party for fees | 1.00 | $ 195.00 | N | | | | $ 195.00 |
| 837 | 4/10/2018 | PMH | Review Court Order regarding rule 12(c) | 0.80 | $ 160.00 | N | | | | $ 160.00 |
| 838 | 4/10/2018 | ADI | Review Court's various orders relating to motions and telephonic status conference. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 839 | 4/10/2018 | PMH | Review definition of Party | 0.30 | $ 60.00 | N | | | | $ 60.00 |
| 840 | 4/10/2018 | PMH | Review Court Order regarding Notice of Telephonic Conference | 0.30 | $ 60.00 | N | Excessive, redundant or otherwise unnecessary. | The District has decreased this entry by .1 | 0.1 | $ 20.00 |
| 849 | 4/11/2018 | ADI | Draft Motion for Summary Judgment on Plaintiff's underlying causes of action. | 1.50 | $ 262.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 262.50 |
| 850 | 4/11/2018 | ADI | Facts regarding change of strategy in addressing underlying appealed due process decision and summary judgment motion. | 0.70 | $ 122.50 | N | | | | $ 122.50 |
| 851 | 4/11/2018 | PMH | Review matter regarding motion for summary judgment | 0.50 | $ 100.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 100.00 |
| 852 | 4/11/2018 | PMH | E-mail Oskowis regarding Motion in Limine | 0.40 | $ 80.00 | N | | | | $ 80.00 |
| 853 | 4/11/2018 | PMH | Review and finalize response and reply | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 60.00 |
| 854 | 4/11/2018 | PMH | Review 2nd response and reply | 0.20 | $ 40.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 40.00 |
| 863 | 4/12/2018 | PMH | Telephone conference with Matt Oskowis | 0.50 | $ 100.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | | | |
| 864 | 4/13/2018 | PMH | Telephone conference with Matt Oskowis | 0.50 | $ 100.00 | N | Duplicate #863 | This should be deleted. | 0 | $ - |
| 865 | 4/12/2018 | ADI | Facts investigation regarding administrative record. | 0.40 | $ 70.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 70.00 |
| 866 | 4/12/2018 | PMH | Memorandum to file | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description to services is adequate. | | $ 60.00 |
| 867 | 4/12/2018 | PMH | Review email Matt Oskowis and respond | 0.30 | $ 60.00 | N | Duplicate #868 | This should be deleted. | 0 | $ - |
| 868 | 4/12/2018 | PMH | Review email Oskowis and respond | 0.20 | $ 40.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 40.00 |
| 871 | 4/13/2018 | PMH | Attend conference call with Judge | 1.00 | $ 200.00 | N | | | | $ 200.00 |
| 872 | 4/13/2018 | PMH | Review Rule 16 Order and prepare for call with Judge | 0.50 | $ 100.00 | N | | | | $ 100.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 873 | 4/13/2018 | ADI | Review Rule 16 pretrial conference attendance requirements; draft Memorandum regarding same. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 874 | 4/13/2018 | ADI | Facts regarding possible extension of dispositive motion deadline and good faith settlement discussions. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 875 | 4/13/2018 | PMH | Email Matt Oskowis | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 876 | 4/13/2018 | PMH | Discovery transmittal of record and review emails | 0.30 | $ 60.00 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | All services provided under this entry relate to the review and production of emails in discovery and thus is not impermissible block billing. | | |
| 877 | 4/13/2018 | PMH | Conference with Alex Ivan | 0.06 | $ 12.00 | N | Inter-office communications should not be billed. | Inter-office communications relating to the processing of the case is properly billed. | | $ 12.00 |
| 882 | 4/15/2018 | ADI | Draft Motion for Summary Judgment on Plaintiff's underlying causes of Action. | 2.50 | $ 437.50 | N | Duplicate of #849 | This is not a duplicate entry and instead is the continuation of work begun on April 11, 2018. | | $ 437.50 |
| 883 | 4/16/2018 | PMH | Letter to David Lykins | 1.00 | $ 200.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 884 | 4/16/2018 | PMH | Review Oskowis email respond | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 888 | 4/17/2018 | PMH | Draft joint report and request to extend deadline, review and revise | 0.80 | $ 160.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 160.00 |
| 889 | 4/17/2018 | PMH | Review joint report and redraft | 0.80 | $ 160.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 160.00 |
| 890 | 4/17/2018 | PMH | letter to D. Lykins and finalize | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 891 | 4/17/2018 | VF | Review joint report and good faith settlement talks. | 0.10 | $ 17.50 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Because this is the same thing it is not block billing. | | $ 17.50 |
| 898 | 4/19/2018 | PMH | Review email Oskowis (2x) | 0.50 | $ 100.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 899 | 4/19/2018 | PMH | Redraft joint report and finalize | 0.50 | $ 100.00 | N | Duplicate of no charge #892 | The alleged duplicate was no charged and has been removed from this excel spreadsheet. | | |
| 900 | 4/19/2018 | PMH | Review final report | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 80.00 |
| 901 | 4/19/2018 | ADI | Review and revise Joint Status Report regarding settlement talks. | 0.30 | $ 52.50 | N | Duplicate of no charge #904 | The alleged duplicate was no charged and has been removed from this excel spreadsheet. | | |
| 902 | 4/19/2018 | PMH | Email Oskowis regarding settlement meeting | 0.20 | $ 40.00 | N | | | | $ 40.00 |
| 905 | 4/20/2018 | PMH | regarding settlement talks. | 0.50 | $ 100.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The District has deleted this entry. | 0 | $ - |
| 906 | 4/20/2018 | PMH | Review court order and Oskowis emails | 0.40 | $ 80.00 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is specific enough to determine whether the time is reasonable. | | $ 80.00 |
| 907 | 4/20/2018 | VF | Review and finalize | 0.25 | $ 43.75 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The District has deleted this entry. | 0 | $ - |
| 908 | 4/20/2018 | ADI | Review Order extending deadline regarding settlement and dispositive motions. | 0.20 | $ 35.00 | N | Excessive, redundant or otherwise unnecessary. | The District has discounted this entry to .1. | 0.1 | $ 17.50 |
| 909 | 4/20/2018 | VF | Meeting with Attorney Horstman and Sheri Smith-Fetzer to discuss status and plan future steps. | 0.10 | $ 17.50 | N | Duplicate #915 | The alleged duplicate was no charged and has been removed from this excel spreadsheet. | | |
| 917 | 4/24/2018 | PMH | Review record and determine maintenance of files | 0.20 | $ 40.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 40.00 |
| 918 | 4/24/2018 | VF | E-mail to Attorney Horstman, Attorney Ivan and Sheri Smith-Fetzer regarding Matthew Oskowis's latest e-mail. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 919 | 4/26/2018 | ADI | Facts investigation regarding discovery, settlement and motions. | 1.20 | $ 210.00 | N | | | | $ 210.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 920 | 4/26/2018 | PMH | Review emails an transcript | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 922 | 4/29/2018 | ADI | Revise Motion for Summary Judgment. | 1.20 | $ 210.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 210.00 |
| 923 | 4/30/2018 | ADI | Review correspondence and facts investigation regarding discovery, settlement, and possible subpoena of e-mail records. | 0.60 | $ 105.00 | N | | | | $ 105.00 |
| 924 | 4/30/2018 | PMH | E-mail regarding transcript | 0.20 | $ 40.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 925 | 5/1/2018 | VF | Reviewed ALJ record regarding paraprofessional complaint, revised section regarding the same in motion for summary judgment. | 1.30 | $ 227.50 | N | | | | $ 227.50 |
| 926 | 5/1/2018 | VF | Letter to Matthew Oskowis regarding settlement. | 0.60 | $ 105.00 | N | | | | $ 105.00 |
| 927 | 5/1/2018 | ADI | Review section in Motion for Summary Judgment on Counterclaim related to frivolous claims under IDEA; incorporate Motion for Summary Judgment on underlying civil action. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 928 | 5/1/2018 | VF | Review and update Oskowis Matters. | 0.30 | $ 52.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 929 | 5/2/2018 | ADI | Draft sections of Motion for Summary Judgment related to Plaintiff's Counts 1 and 2. | 2.50 | $ 437.50 | N | | | | $ 437.50 |
| 930 | 5/2/2018 | VF | Review emails from Attorney Ivan and make revisions to settlement letter to Matthew Oskowis. | 0.10 | $ 17.50 | N | inter-office communications should not be billed. | Inter-office communications relating to the processing of the case are properly billed. | | $ 17.50 |
| 931 | 5/2/2018 | VF | Finalize letter to Matthew Oskowis. Email to DL to send out. | 0.10 | $ 17.50 | N | Block billing | These services both relate to the letter to Matthew Oskowis and therefore are not impermissible block bilihg. | | $ 17.50 |
| 933 | 5/6/2018 | ADI | Draft section of Motion for Summary Judgment related to Plaintiff's Count 3; revise additional portions of motion. | 2.50 | $ 437.50 | N | | | | $ 437.50 |
| 934 | 5/7/2018 | VF | Review initial motion for summary judgment and email Attorney Ivan regarding suggested revisions. | 0.70 | $ 122.50 | N | Block billing | These services both relate to the revision of the motion for summary judgment and therefore are not impermissible block bilihg. | | $ 122.50 |
| 935 | 5/7/2018 | VF | Review email sent to Trish Alley regarding EO's medical condition. | 0.10 | $ 17.50 | N | | | | $ 17.50 |
| 936 | 5/10/2018 | ADI | Facts regarding delay in ALI determinations and allegations in DP 15 regarding paraprofessional qualification and supervision. | 0.60 | $ 105.00 | N | | | | $ 105.00 |
| 937 | 5/10/2018 | VF | Read decision on attorney's fees. | 0.10 | $ 17.50 | N | | | | $ 17.50 |
| 938 | 5/11/2018 | ADI | Facts regarding administrative record and IEPs contained therein. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 939 | 5/11/2018 | VF | Read MO's due process complaint. | 0.30 | $ 52.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 52.50 |
| 940 | 5/14/2018 | ADI | Facts regarding proceeding to hearing, data sheets in the record, and pre-hearing audio recordings. | 0.60 | $ 105.00 | N | | | | $ 105.00 |
| 941 | 5/14/2018 | ADI | Facts regarding Notice of Readiness; review Court Rule 16 Scheduling Order and Order Extending Dispositive Motion Deadline. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 942 | 5/14/2018 | PMH | Telephone conference with Veronika regarding Association of counsel | 0.40 | $ 80.00 | N | Inter-office communications should not be billed. | Inter-office communications relating to the processing of the case are properly billed. | | $ 80.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 943 | 5/14/2018 | PMH | Review emails and respond regarding deadline | 0.30 | $ 60.00 | N | Inter-office communications should not be billed. | Inter-office communications relating to the processing of the case are properly billed. | | $ 60.00 |
| 944 | 5/14/2018 | ADI | Draft memorandum Regarding party obligations to file Notice of Readiness and deadline to file same. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 945 | 5/14/2018 | VF | Review Paralegal Smith-Fetzer's email regarding notice of readiness and order, respond. | 0.10 | $ 17.50 | N | inter-office communications should not be billed. | | | $ 17.50 |
| 948 | 5/16/2018 | VF | Finalize initial draft of motion for summary judgment. | 2.70 | $ 472.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 472.50 |
| 949 | 5/17/2018 | ADI | Review and revise draft Motion for Summary Judgment on Plaintiff's underlying civil action. | 1.50 | $ 262.50 | N | | | | $ 262.50 |
| 950 | 5/17/2018 | ADI | Facts regarding STO's, including their purpose and the District's obligation to revise them. | 0.70 | $ 122.50 | N | | | | $ 122.50 |
| 951 | 5/17/2018 | VF | Finalize initial draft of motion for summary judgment and emailed to Attorney Ivan for review. | 0.70 | $ 122.50 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2). Inter-office communications should not be billed. | The description is specific enough to determine whether a reasonable amount of time was billed. | | $ 122.50 |
| 952 | 5/17/2018 | VF | Research on short-term objectives to include in motion for summary judgment. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 953 | 5/18/2018 | VF | Review and incorporate Attorney Ivan's edits into motion for summary judgment; proofread to make more concise. | 1.10 | $ 192.50 | N | Block billing | The description is specific enough to determine whether a reasonable amount of time was billed. | | $ 192.50 |
| 954 | 5/18/2018 | ADI | Review and revise draft Motion for Summary Judgment on Plaintiff's underlying civil action. | 0.50 | $ 87.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 87.50 |
| 955 | 5/19/2018 | ADI | Facts regarding guidance found in former Appendix to IDEAS regulations relative to STO's and their purpose. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 956 | 5/19/2018 | ADI | Facts regarding progress reports; review of the administrative record and Plaintiff's acknowledged receipt thereof. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 957 | 5/19/2018 | ADI | Research and review Tenth Circuit Case interpreting purpose of STO's. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 958 | 5/23/2018 | ADI | Follow-up regarding Plaintiff's response to District's offer of settlement and report with Court on status of negotiations. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 959 | 5/24/2018 | ADI | Facts regarding separate statement of facts incorporated into body of motion for summary judgment. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 960 | 5/25/2018 | VF | Proofread and made revisions to motion for summary judgment to make more concise, more coherent. | 1.50 | $ 262.50 | N | | | | $ 262.50 |
| 961 | 5/25/2018 | ADI | Revise motion for summary judgment. | 1.20 | $ 210.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 210.00 |
| 962 | 5/25/2018 | PMH | Draft updated report to court regarding settlement. | 1.00 | $ 200.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 200.00 |
| 963 | 5/25/2018 | PMH | Draft updated settlement report | 0.60 | $ 120.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 120.00 |
| 964 | 5/25/2018 | ADI | Facts regarding IDEA progress report requirements and notation with an IEP. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 965 | 5/27/2018 | ADI | Review administrative record; revise and finalize motion for summary judgment. | 1.50 | $ 262.50 | N | Block billling | The services related to incorporating administrative record into the motion for summary judgment and therefore is not impermissible block billing. | | $ 262.50 |
| 966 | 5/29/2018 | VF | Proofread and made additional revisions to motion for summary judgment. | 1.20 | $ 210.00 | N | | | | $ 210.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 967 | 5/29/2018 | ADI | Facts regarding statement of facts citations, progress reports, citations to repealed law, and strategy for timing of filing motion for summary judgment. | 0.80 | $ 140.00 | N | | | | $ 140.00 |
| 968 | 5/29/2018 | VF | Review and incorporate Attorney Ivan's edits into motion for summary judgment. | 0.60 | $ 105.00 | N | Block billing | This is not block billing. | | $ 105.00 |
| 969 | 5/29/2018 | VF | Review and revise Defendant's notice/update on status of settlement discussions. | 0.50 | $ 87.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | This is not block billing. | | $ 87.50 |
| 970 | 5/29/2018 | VF | Calculate deadlines for filing motion for summary judgment. | 0.40 | $ 70.00 | N | Excessive, redundant or otherwise unnecessary. | The District has deleted this entry. | 0 | $ - |
| 971 | 5/30/2018 | VF | Drafted statement of facts in support of motion for summary judgment. | 1.20 | $ 210.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the services is adequate. | | $ 210.00 |
| 972 | 5/30/2018 | VF | Proofread and made revisions to motion for summary judgment. | 0.30 | $ 52.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the services is adequate. | | $ 52.50 |
| 973 | 5/30/2018 | ADI | Review edits to Defendant's notice/update on status of settlement discussions and finalize for filing. | 0.20 | $ 35.00 | N | Lacking appropriate detail. | The description of the services is adequate. | | $ 35.00 |
| 974 | 5/30/2018 | VF | Reviewed and revised and made edits to update on settlement discussions. | 0.20 | $ 35.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the services is adequate. | | $ 35.00 |
| 975 | 5/31/2018 | VF | Finalized initial draft of statement of facts. | 0.60 | $ 105.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the services is adequate. | | $ 105.00 |
| 976 | 5/31/2018 | VF | Review and incorporate DL's edits into motion for summary judgment. | 0.30 | $ 52.50 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the services is adequate. This is not block billing. | | $ 52.50 |
| 977 | 6/7/2018 | ADI | Facts investigation regarding settlement discussions related to Federal 4 and 5 and finalizing separate statement of facts for summary judgment motion. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 978 | 6/7/2018 | VF | Review email from Attorney Ivan regarding MSJ and respond. | 0.10 | $ 17.50 | N | inter-office communications should not be billed. | Inter-office communications relating to the processing of the case are properly billed. | | $ 17.50 |
| 979 | 6/8/2018 | ADI | Revise draft Statement of Facts. | 2.50 | $ 437.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of the services is adequate. | | $ 437.50 |
| 980 | 6/8/2018 | ADI | Review administrative record, complaint; cross-reference citations in draft Statement of Facts | 2.00 | $ 350.00 | N | | | | $ 350.00 |
| 981 | 6/8/2018 | PMH | Review final motion for summary judgment | 0.60 | $ 120.00 | N | | | | $ 120.00 |
| 982 | 6/13/2018 | ADI | Review Bluebook and administrative record; revise state of facts. | 3.00 | $ 525.00 | N | | | | $ 525.00 |
| 983 | 6/13/2018 | PMH | Conference with Veronika regarding update and adding counsel | 0.30 | $ 60.00 | N | Inter-office communications should not be billed. | Inter-office communications relating to the processing of the case are properly billed. | | $ 60.00 |
| 984 | 6/19/2018 | PMH | Review Notice of Association | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 60.00 |
| 985 | 6/20/2018 | ADI | Facts investigation regarding finalizing of motion for summary judgment and statement of facts. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 986 | 6/21/2018 | ADI | Revise Motion for Summary Judgment on Plaintiff's affirmative action. | 1.20 | $ 210.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 210.00 |
| 987 | 6/21/2018 | VF | Finalized statement of facts, double checking exhibits, and email to Attorney Ivan. | 1.20 | $ 210.00 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | All of the activities in this entry relate to the finalization of the statement of facts and is thus not impermissible block billing. | | $ 210.00 |
| 988 | 6/21/2018 | ADI | Revise Statement of Facts accompanying Motion for Summary Judgment on Plaintiff's affirmative action. | 0.80 | $ 140.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 140.00 |
| 989 | 6/21/2018 | VF | Review and incorporate Attorney Ivan's revisions into state of facts. | 0.60 | $ 105.00 | N | Block billing | This is not block billing. | | $ 105.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 990 | 6/21/2018 | VF | Proofread motion for summary judgment and sed to Attorney Ivan. | 0.30 | $ 52.50 | N | Block billing | All of the activities in this entry relate to drafting the motion for summary judgment and is thus not impermissible block billing. | | $ 52.50 |
| 991 | 6/21/2018 | VF | Review settlement offer and forwarded to Attorney Horstman and Attorney Ivan. | 0.20 | $ 35.00 | N | Block billing | All of the activities in this entry relate to a settlement offer and are thus not impermissible block billing. | | $ 35.00 |
| 992 | 6/21/2018 | ADI | Facts investigation regarding level of administrative record citation detail included in Statement of Facts accompanying summary judgment motion. | 0.30 | No Charge | N | | | | No Charge |
| 993 | 6/22/2018 | VF | Finalize revisions to Motion for Summary Judgment on Plaintiff's affirmative claims and Statement of Facts. | 2.70 | $ 472.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 472.50 |
| 994 | 6/22/2018 | DL | Proofread Statement of Facts in support of Motion for Summary Judgment and cross referenced with exhibits. Redacted E.O.'s name and DOB on exhibits. Prepared and filed Motion for Summary Judgment, Statement of Facts and exhibits. | 4.00 | $ 420.00 | N | Block billing | All of the activities in this entry relate to finalizing the motion for summary judgment and thus not impermissible block billing. | | $ 420.00 |
| 995 | 6/22/2018 | ADI | Finalize for filing Statement of Facts accompanying Motion for Summary Judgment | 1.50 | $ 262.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 262.50 |
| 996 | 6/22/2018 | ADI | Finalize for filing the Motion for Summary Judgment on Plaintiff's Affirmative Action. | 1.30 | $ 227.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 227.50 |
| 997 | 6/22/2018 | ADI | Cite check Motion for Summary Judgment and research authority related to ALJ dismissals of due process complaints without a hearing. | 0.80 | $ 140.00 | N | | | | $ 140.00 |
| 998 | 6/22/2018 | PMH | Review email regarding authority to Dismiss without hearing and respond (2x) | 0.40 | $ 80.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 80.00 |
| 999 | 6/22/2018 | VF | Review exhibits for statement of facts in support of Motion for Summary Judgment. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 1000 | 6/22/2018 | ADI | Facts investigation regarding supplementary aids and services in relation to special education and related service minutes. | 0.60 | No Charge | N | | | | No Charge |
| 1001 | 6/24/2018 | PMH | Review statement of facts and exhibits | 1.00 | $ 200.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 200.00 |
| 1007 | 6/27/2018 | ADI | Facts investigation regarding likelihood of settlement, Governing Board approval, and discussions surrounding possible offer of settlement to Plaintiff. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 1009 | 6/29/2018 | PMH | Review research regarding Due Process hearing. | 0.40 | $ 80.00 | N | | | | $ 80.00 |
| 1016 | 7/6/2018 | VF | Telephonic conference regarding potential settlement | 0.40 | $ 70.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. Moreover, protected by the work product doctrine. | | $ 70.00 |
| 1017 | 7/6/2018 | ADI | Facts regarding settlement proposal and timing in relation to appeal rights | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 1018 | 7/24/2018 | ADI | Review Plaintiff's Response to Motion for Summary Judgment, controverted statement of facts, and exhibits | 1.40 | $ 245.00 | N | | | | $ 245.00 |
| 1019 | 7/25/2018 | ADI | Facts regarding Plaintiff's Response to Motion for Summary Judgment | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 1020 | 7/27/2018 | VF | Begin drafting reply Memorandum, | 0.40 | $ 70.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 70.00 |
| 1021 | 7/29/2018 | VF | Review Response to Motion for Summary Judgment | 0.70 | $ 122.50 | N | | | | $ 122.50 |
| 1022 | 7/31/2018 | VF | Begin researching reply Memorandum, | 0.60 | $ 105.00 | N | | | | $ 105.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|-------|------|-------------|-------------|-------|--------|--------|--------------------------|-------------------------|---------------|----------------|
| 1023 | 8/1/2018 | ADI | Research A:J dismissals and facts investigation regarding same. | 1.20 | $ 210.00 | N | | | | $ 210.00 |
| 1024 | 8/1/2018 | DL | Draft Motion for Extension to File Reply in support of Motion for Summary Judgment along with proposed order | 0.30 | $ 31.50 | N | | | | $ 31.50 |
| 1025 | 8/1/2018 | VF | E-mail to MO to see if he objects to a ten day extension on reply | 0.10 | $ 17.50 | N | | | | $ 17.50 |
| 1026 | 8/1/2018 | VF | Proofread and make revisions to request for extension. | 0.10 | $ 17.50 | N | | | | $ 17.50 |
| 1027 | 8/2/2018 | VF | Begin drafting reply memorandum in support of motion for summary judgment | 0.90 | $ 157.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 157.50 |
| 1028 | 8/2/2018 | ADI | Review motion requesting extension to deadline for filing Reply, Plaintiff's objection, and Court's Order granting extension. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 1029 | 8/2/2018 | VF | E-mail to EO regarding extension revisions to request for extension, email to DL | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 1031 | 8/3/2018 | ADI | Review Tenth Circuit Opinion regarding ALJ dismissal for failure to state a claim and draft Memorandum regarding same. | 0.90 | $ 157.50 | N | | | | $ 157.50 |
| 1032 | 8/3/2018 | VF | Research on reply memorandum | 0.50 | $ 87.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 87.50 |
| 1033 | 8/3/2018 | ADI | Facts regarding parent legal claims and failure to request IEP meeting after progress reporting. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 1034 | 8/6/2018 | VF | Research and drafted reply in support of motion for summary judgment. | 4.30 | $ 752.50 | N | Block billing. Duplicate of #1020, #1027, and #1022 | This is not block billing. Nor is it duplicative as counsel simply continued to research and draft the reply memorandum. The alleged duplicates were not charged and have been removed from this excel spreadsheet. | | $ 752.50 |
| 1035 | 8/7/2018 | ADI | Facts regarding IDEA due process complaint sufficiency and annual goal data sheets. | 0.60 | $ 105.00 | N | | | | $ 105.00 |
| 1036 | 8/8/2018 | VF | Draft reply in support of motion for summary judgment | 1.20 | $ 210.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 210.00 |
| 1037 | 8/9/2018 | VF | Continued researching and drafting reply in support of MSJ | 1.60 | $ 280.00 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2) | This is not block billing. The description of services is adequate. | | $ 280.00 |
| 1038 | 8/9/2018 | PMH | Review notice for summary judgment response from Matt Oskowis | 1.00 | $ 200.00 | N | | | | $ 200.00 |
| 1039 | 8/10/2018 | VF | Researched and drafted reply in support of MSJ | 3.20 | $ 560.00 | N | Block billing. Lacking appropriate detail. LRCiv 54.2(e)(2). Duplicate of #1020, #1027, #1034, 1037 | This is not block billing. Nor is it duplicative as counsel simply continued to research and draft the reply memorandum. The alleged duplicates were no charged and have been removed from this excel spreadsheet. | | $ 560.00 |
| 1040 | 8/10/2018 | PMH | Review emails from Veronika and respond (2x) | 0.60 | $ 120.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 120.00 |
| 1041 | 8/10/2018 | ADI | Facts regarding judicata, complaint sufficiency, and parent communications from the District. | 0.40 | 70.00 | N | | | | $ 70.00 |
| 1042 | 8/12/2018 | VF | Proofread and made revisions to reply to make more concise. | 0.80 | $ 140.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 140.00 |
| ~~1043~~ | ~~8/13/2018~~ | ~~VF~~ | ~~Proofread and made revisions to reply memorandum, email to AI for review.~~ | ~~0.95~~ | ~~$ 166.25~~ | ~~N~~ | Duplicate of no charge #1045 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| ~~1044~~ | ~~8/13/2018~~ | ~~ADI~~ | ~~Review and revise initial draft of Reply Brief.~~ | ~~0.75~~ | ~~$ 131.25~~ | ~~N~~ | Duplicate of no charge #1046 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 1047 | 8/14/2018 | VF | Proofread and made revisions to reply memorandum based on AI's comments | 2.60 | $ 455.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 455.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| ~~1048~~ | ~~8/14/2018~~ | ADI | ~~Review and revise second draft Reply Brief with detailed citation checks.~~ | ~~0.80~~ | ~~$ 140.00~~ | | Duplicate of no charge #1048 | The alleged duplicate was a no charge and has been removed from this excel spread sheet. | | |
| 1049 | 8/14/2018 | VF | Review and incorporate AI's edits | 0.60 | $ 105.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 105.00 |
| 1051 | 8/15/2018 | VF | Proofread and made additional revisions to reply in support of motion for summary judgment | 1.80 | $ 315.00 | N | | | | $ 315.00 |
| 1052 | 8/15/2018 | VF | Read and edited VF's reply regarding SJM. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 1053 | 8/16/2018 | VF | Telephone conference with PH to discuss reply, made edits and revisions based on discussion, review and incorporate AI's revisions to reply. | 1.70 | $ 297.50 | N | Inter-office communications should not be billed. | Inter-office communications relating to the processing of the case are properly billed. | | $ 297.50 |
| 1054 | 8/16/2018 | PMH | Review and revise | 1.40 | $ 280.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 1055 | 8/16/2018 | ADI | Facts regarding entitlement to due process hearings and service minute calculations. | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 1058 | 8/17/2018 | PMH | Review final reply | 0.50 | $ 100.00 | N | | | | $ 100.00 |
| 1059 | 8/17/2018 | ADI | Finalize Reply Brief. | 0.50 | $ 87.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 87.50 |
| 1060 | 8/17/2018 | VF | Final revisions to reply | 0.50 | $ 87.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 87.50 |
| 1061 | 9/29/2018 | PMH | Review email and update Trish Alley | 0.30 | $ 60.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 1062 | 10/31/2018 | ADI | Review minute order transferring case to Judge Lanza | 0.20 | $ 35.00 | N | Excessive, redundant or otherwise unnecessary. | The District has discounted this entry to .1. | 0.1 | $ 17.50 |
| 1065 | 2/15/2019 | VF | Read order granting motion for summary judgment | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 1066 | 2/19/2019 | ADI | Review and analyze Order granting summary judgment and accompanying judgment | 1.00 | $ 175.00 | N | | | | $ 175.00 |
| 1067 | 2/19/2019 | ADI | Facts regarding entry of judgment and erroneous termination in its entirety, including District's Counterclaim. | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 1069 | 2/20/2019 | ADI | Facts investigation regarding styling of claims for attorneys' fees as Counterclaim against Plaintiff | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 1070 | 2/20/2019 | ADI | Review and revise motion to amend judgment in accordance with order to preserve District's Counterclaim | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 1071 | 2/20/2019 | VF | Draft motion to amend judgment | 0.40 | $ 70.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 70.00 |
| 1072 | 2/20/2019 | VF | Research on counterclaim | 0.20 | $ 35.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | |
| 1073 | 2/21/2019 | VF | Review and incorporate AI's edits into motion to amend | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 1074 | 2/21/2019 | DL | Proofread Motion to Amended Judgment. Drafted Proposed Order and email to Attorney Fabian. Filed Motion to proposed order with USDC. Email to judge chambers | 0.20 | $ 21.00 | N | Block billing | All of the activities in this entry relate to the finalization of the motion to amend judgment and is thus not impermissible block billing. | | $ 21.00 |
| 1075 | 2/22/2019 | ADI | Review and analyze Court's order granting motion to amend judgment. | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 1077 | 2/26/2019 | VF | Research on how to proceed with respect to the attorney's fees claim. | 0.70 | $ 122.50 | N | | | | $ 122.50 |
| 1078 | 2/26/2019 | VF | Began drafting motion for attorney's fees and memorandum in support. | 0.60 | $ 105.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 105.00 |
| 1079 | 2/26/2019 | ADI | Review and analyze the applicability of judgment in Federal 4 to adjudication of issues in Federal 6 | 0.50 | $ 87.50 | N | | | | $ 87.50 |
| 1080 | 2/27/2019 | VF | Continued research and drafting memorandum in support of motion for attorney's fees and costs. | 1.90 | $ 332.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 332.50 |
| 1081 | 2/27/2019 | VF | Review Oskowis deposition for purposes of filing motion for attorney's fees. | 1.00 | $ 175.00 | N | | | | $ 175.00 |

| Ref # | Date | Time Keeper | Description | Hours | Amount | Halved | Billing Issue Identified | The District's Response | Revised Hours | Revised Charge |
|---|---|---|---|---|---|---|---|---|---|---|
| 1082 | 2/27/2019 | ADI | Draft memorandum regarding standards for fee awards against pro se parents and standard for showing improper purposes | 0.70 | $ 122.50 | N | | | | $ 122.50 |
| 1083 | 2/27/2019 | ADI | Research and facts regarding applicability of Rule 56 to IDEA fee-seeking actions. | 0.40 | $ 70.00 | N | | | | $ 70.00 |
| 1085 | 2/28/2019 | VF | Worked on memorandum in support of motion for attorney's fees. | 1.60 | $ 280.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 280.00 |
| 1086 | 2/28/2019 | ADI | Review Order in Federal 1 and revised proposed language for fee application | 0.70 | $ 122.50 | N | | | | $ 122.50 |
| 1087 | 2/28/2019 | ADI | Communications with Plaintiff regarding conferral to discuss settlement in lieu of pursuit of fee award | 0.20 | $ 35.00 | N | | | | $ 35.00 |
| 1088 | 3/1/2019 | VF | Continued draft memorandum in support of attorney's fees | 1.20 | $ 210.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 210.00 |
| 1089 | 3/1/2019 | VF | Review email from Matthew and respond | 0.30 | $ 52.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 52.50 |
| 1090 | 3/1/2019 | VF | Drafted motion for leave to file motion regarding liability for attorney's fees only | 0.30 | $ 52.50 | N | | | | $ 52.50 |
| 1091 | 3/1/2019 | DL | Proofread Motion for Leave to File Motion. Drafted proposed Order and email to Attorney Fabian. Filed Motion and proposed order with USDC. Emailed motion and proposed order to judge chambers. | 0.20 | $ 21.00 | N | Block billing | All of the activities in this entry relate to the finalization of a motion for filing and is thus not impermissible block billing. | | $ 21.00 |
| 1092 | 3/4/2019 | VF | Continued drafting memorandum in support of motion for attorney's fees | 5.70 | $ 997.50 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 997.50 |
| 1094 | 3/5/2019 | VF | Finalize memorandum in support of motion for Attorney's Fees and Costs and supporting documentation. | 3.00 | $ 525.00 | N | Lacking appropriate detail. LRCiv 54.2(e)(2) | The description of services is adequate. | | $ 525.00 |
| Total | | | | 609 | $ 64,883.13 | | | | | $ 54,992.50 |