**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Oskowis,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Sedona Oak-Creek Unified School District #9,<br><br>　　　　Defendant. | No. CV-17-08070-PCT-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff Matthew Oskowis's ("Oskowis") expedited motion for a stay of judgment/preliminary injunction. (Doc. 140.) For the following reasons, the motion will be denied.

As background, Oskowis, who is proceeding pro se, initiated this action in April 2017. (Doc. 1.) The complaint alleged that the Sedona Oak-Creek Unified School District #9 ("the District") violated the Individuals with Disabilities Education Act ("IDEA") when providing an education to Oskowis's son, E.O., who is autistic. (*Id.*) In February 2019, the Court granted the District's motion for summary judgment. (Doc. 77.) And in July 2019, after some legal wrangling, the Court entered judgment in the District's favor. (Doc. 118.) Oskowis has not appealed from that judgment.

After judgment was entered, the District filed a motion for attorneys' fees. (Doc. 124.) On October 9, 2019, the Court granted that motion in part, finding that "Oskowis brought this action for the improper purposes of harassing the District and driving up litigation costs" and that "Oskowis advanced frivolous, indefensible claims and

consistently exhibited harassing litigation tactics," and ordered Oskowis to pay $41,244.38 in attorneys' fees. (Doc. 134 at 11, 19.) On November 5, 2019, Oskowis filed a notice of appeal concerning the fee award. (Doc. 136.)

The general rule is that a party may seek to enforce a judgment 30 days after it has been entered. *See* Fed. R. Civ. P. 62(a) ("Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."). However, under Rule 62(b), "a party may obtain a stay by providing a bond or other security." *Id.* Thus, "[a] party that posts a proper supersedeas bond is entitled to a stay as a matter of right. What this means is that if a party is willing to post a bond in the full amount of the judgment . . . , then the party has a right to obtain the stay and it is automatically effective upon posting." S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 62, at 280 (2018). *See also* Fed. R. Civ. Proc. 62, advisory committee notes to 2018 amendments (noting that the new Rule 62(b) incorporates a modified form of the former Rule 62(d)'s supersedeas bond requirement); *Denver Glob. Prods., Inc. v. Leon*, 2019 WL 2057277, *2 (W.D.N.C. 2019) (noting that Rule 62 was "reworded" in 2018, such that "old Rule 62(d)" has now been replaced by "new Rule 62(b)," and stating that "[u]nder either formulation of Rule 62, the rule's purpose remains the same").

Here, Oskowis has not attempted to file a bond. In fact, his "motion for stay" does not mention Rule 62 at all. (Doc. 140.) Instead, he seeks relief under Rule 65 and argues that "the standards applicable for entry in injunctive relief" support his request. (*Id.* at 2.)

Even assuming *arguendo* that Rule 65 could provide the basis for an order staying execution of a money judgment pending appeal,[1] Oskowis has not demonstrated an

---

[1] Oskowis has cited cases involving stays from orders granting injunctive relief, but courts have recognized that "the four-factor test" applicable in that context does not apply to a request for a stay of a money judgment because it "does not take into account the Rule 62[] requirement of a supersedeas bond." *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1161 (E.D. Pa. 1993) (citation and internal quotation marks omitted). *See also Bolt v. Merrimack Pharmaceuticals, Inc.*, 2005 WL 2298423, *2 (E.D. Cal. 2005) ("[W]hether the court granted injunctive or monetary relief is significant in a motion to stay in light of an appeal. The Federal Rules of Civil Procedure impose distinct standards for stays of judgments involving injunctions and stays of other judgments. Given these distinctions, it should come as no surprise that courts evaluate unsecured stays of these categories of judgments

entitlement to relief under Rule 65's exacting standards.² This is because Oskowis has not demonstrated a likelihood of success on the merits or the existence of serious questions going to the merits. Some of his challenges to the fee award are based on new theories he didn't raise in his response to the fee motion (meaning those theories have likely been waived or forfeited for appellate purposes) and his remaining challenges simply constitute a rehash of the arguments the Court previously rejected. (Doc. 140 at 2-11.)

The Court does note that, in the "irreparable harm" portion of his motion, Oskowis asserts that he has less than $5,000 in assets, pursued this case pro se because he couldn't afford an attorney, has substantial preexisting tax and medical debts, and the District's ongoing attempts to seize his bank accounts have left him "with nothing over the Thanksgiving holidays, and unable to provide for the basic medical necessities of E.O." (Doc. 140 at 11.) The Court finds these circumstances to be very sympathetic. Nevertheless, a party cannot obtain injunctive relief under Rule 65 simply by showing irreparable harm—without a showing of at least serious questions going to the merits, injunctive relief is unavailable.

Finally, to the extent the Court's discretion to issue a stay under Rule 62(b) is not governed by the same principles as a request for relief under Rule 65,³ courts have

---

under different tests. Although the court could not find a single case straightforwardly acknowledging the existence of two separate tests, an examination of the case law clearly reveals a different method of analysis applicable to motions for unsecured stays when [former Rule 62(d), now Rule 62(b)], rather than Rule 62(c), applies.") (citations omitted).

[2] "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation and emphasis omitted). *See also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right") (citation omitted). A party seeking a preliminary injunction must show that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'— a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (citation omitted). Under this "serious questions" variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

[3] Under former Rule 62(d), "the posting of a full bond is not the only way to get a stay pending appeal. Rather, the court has discretionary power to grant a stay on whatever

- 3 -

emphasized that unsecured stays under Rule 62(b) should be reserved for "exceptional" cases. *Schreiber,* 839 F. Supp. at 1161 ("[Former] Rule 62(d) is designed to protect judgment creditors. The granting of an unsecured stay under this rule must be the exceptional case."). *See also Fed. Prescription Serv.,* 636 F.2d at 760 ("[A] full supersedeas bond should be the requirement in normal circumstances."). Thus, courts have typically authorized unsecured stays under Rule 62(b) only "in two sorts of case[s]: where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and . . . where the requirement would put the defendant's other creditors in undue jeopardy." *Olympia Equip. Leasing, Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986) (citations omitted). Neither of those circumstances, however, is present here.

It is true that some courts have suggested a judgment debtor may seek relief under Rule 62(b) by demonstrating that, due to a lack of financial resources, obtaining a full supersedeas bond would pose an undue financial burden. *See, e.g., Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) ("[I]f the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court . . . is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor."); *FINOVA Capital Corp. v. Richard A. Arledge, Inc.*, 2008 WL 828504, *4 (D. Ariz. 2008) (same). Nevertheless, those courts have insisted that the party seeking the stay identify some other mechanism, apart from a full bond, to ensure the judgment creditor's rights would be protected. Here, Oskowis has not attempted to identify such a mechanism. *Cf. Bolt*, 2005 WL 2298423 at *4 ("B]ecause defendant bears the

---

terms it deems appropriate, including a partial bond or even no bond." Gensler, *supra*, at 280. *See generally Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) (under former Rule 62(d), although a party "may obtain a stay as a matter of right by posting a supersedeas bond," it is "strictly within the [district] judge's discretion" to grant or deny a stay even when "no bond was posted"); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 758 (D.C. Cir. 1980) ("[Former] Rule 62(d) . . . does not prohibit the district court from exercising a sound discretion to authorize unsecured stays in cases it considers appropriate.").

burden of formulating an alternative plan, the court will not imagine one of its own.").

In summary, although the Court again expresses its sympathy toward Oskowis's circumstances, an "appeal to equity" cannot overcome the Court's "obligat[ion] to apply the Federal Rules of Civil Procedure, which require an adequate justification for relaxing the supersedeas bond requirement." *United States v. Yee*, 2009 WL 3485483, *2 (C.D. Cal. 2009).

Accordingly, **IT IS ORDERED** that Oskowis's motion to stay (Doc. 140) is **denied**.

Dated this 22nd day of November, 2019.

                                    Dominic W. Lanza
                                United States District Judge